[No. 1320, January 26, 1911.]

## TERRITORY OF NEW MEXICO, Appellee, v. JACK DONAHUE, alias JOHN DONAHUE, Appellant.

### SYLLABUS.

1. Where the objection and exception to the manner of the discharge of the jury were never made a part of the record by a bill of exceptions, the objection not appearing on the record proper nor by bill of exceptions, and as far as the record is concerned, it appears that the jury was dis-charged without objection and with the implied consent and in the presence of the appellant, the stenographer's record will not be received to control the record in the case. District of Columbia v. Woodbury, 136 U. S. 450-456.

2. Where the district attorney based his motion to strike on the ground that the allegations of the plea of former acquittal were in contravention of the record itself, an issue was presented which could have been tried only by an inspec-tion of the record and the record disclosing the fact that the plea impeached it, the plea must fail because the record must stand.

3. Held to be error to refuse requested instruction cor-rectly construing statute as to competency of witness to tes-tify in his own behalf, the instruction given narrowing the terms of the statute.

4. Instruction to jury that reported that they were unable to agree, sending it out for further consideration, held to be correct. Allen v. U. S., 164 U. S. 492-501.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Reversed and remanded.

E. L. MEDLER, THOMAS N. WILKERSON and W. C. HEACOCK, for Appellant.

The defendant in a criminal prosecution has a right to be present in court at the time the jury is discharged before they have arrived at a verdict. The action of the court in discharging the jury in the manner set up in the plea constituted an acquittal of the defendant. State v. Wilson, 50 Ind. 487, 19 Am. Rep. 719; 2 G. & H. 412, Sec. 94; State v. Hurlburt, 1 Root 90; State v. Braunschweig, 36 Mo. 397; Price v. The State, 2 Morris St. Cas. 1168; Dunn v. Commonwealth, 6 Pa. St. 384; Dougherty v. Commonwealth, 69 Pa. 266; Sneed v. State, 5 Ark. 431; Wharton Crim. Law, sec. 2999; Prince v. Commonwealth, 18 Pa. St. 103; Andrew v. State, 2 Sneed, 550; Jackson v. Commonwealth, 19 Grat. 656; 4 Bl. Com. 375; 2 G. & H. 420, sec. 122; People v. Cage, 48 Cal. 323, 17 Am. Rep. 436; ex parte McLaughlin, 41 Cal. 212; Upchurch v. State, 36 Tex. Crim. Rep. 624; Bishop's Crim. Proc., sec. 272, sub-div. 2; Rudder v. State, 29 Tex. App. 262; State v. Sommers, 60 Minn. 90; State v. Alman, 64 N. C. 364; State v. Shuchardt, 18 Neb. 454; Finch v. State, 53 Miss. 363; State v. Smith, 44 Kan. 75, 8 L. R. A. 774; Nolan v. State, 55 Ga. 521, 21 Am. Rep. 281; Maden v. Emmons, 83 Ind. 331; State v. Leunig, 42 Ind. 541; ex parte Tice, 32 Or. 179, 192; Miller v. State, 8 Ind. 325; State v. McKee, 1 Bail. L. 651, 21 Am. Dec. 499; Jones v. State, 97 Ala. 77; Commonwealth v. Fitzpatrick, 1 La. Rep. Am. 452; Peiffer v. Com., 15 Pa. 468; McFadden v. Com., 23 Pa. 12; Alexander v. Com., 105 Pa. 1; Hilands v. Com., 1 Cent. Rep. 899, 111 Pa. 1; State v. McKee, 1 Bailey Law 651, So. Ca., 21 Am. Dec. 502; Bishop Crim. Law 608; O'Brien v. C., 9 Bush 333, 15 Am. Rep. 715; King v. P., 5 Hun. 297; Hines v. S., 24 Ohio St. 134; P. v. Webb, 38 Cal. 467; Gruber v. State, 3 W. Va. 699; Lee v. State, 26 Ark. 260; Bell v. State, 44 Ala. 393; State v. Callendine, 8 Iowa 288; People v. Horn, 70 Cal. 17; Pizano v. State, 20 Tex. Ap. 139; State v. Moon, 41 Wis. 684; ex parte Maxwell, 11 Nev. 428; Adams v. State, 99 Ind. 244; Foster v. State, 88 Ala. 182; Boswell v. State, 111 Ind. 47; Williams v. Com., 78 Ky. 93; State v. Kelly,

97 N. Car. 404, 2 Am. St. Rep. 299; Younger v. State, 98 Am. Dec. 791; Cook v. State, 31 Am. Rep. 31; State v. Epps, 76 N. C. 55; State v. Paylor, 89 N. C. 539; State v. Sheets, 89 N. C. 543; Price v. State, 36 Miss. 531, 72 Am. Dec. 195; Fight v. State, 7 Ohio St. 1, 28 Am. Dec. 626; 30 Am. Rep. 9; People v. Lightner, 49 Cal. 226; 9 E. P. & P. 636, 639; Wilson v. State, 45 Tex. 76; Shubert v. State, 21 Tex. Ap. 551; Troy v. State, 10 Tex. App. 319; State v. Johnson, 11 Nev. 273; Usher v. State, 42 Tex. Cr. 461, 60 S. W. 555; Woodward v. State, 58 S. W. 135; Smith v. State, 18 Tex. App. 329, 2 S. W. 883; Munch v. State, 25 Tex. Ap. 30, 7 S. W. 341; Grisham v. State, 19 Tex. Ap. 504; Kelly's Cr. Law, sec. 224; Thompson v. Commonwealth, 22 Grat. 912; State v. Huffman, 37 S. W. 797, 136 Mo. 58; 12 Cyc. 367, 368, 370; C. L. 1897, sec. 3422; Finch v. State, 53 Miss. 363, 44 L. R. A. 695; 1 Bish. on Cr. Law 621.

The defendant's right to have a true list of the jury is a substantial right. Logan v. U. S., 144 U. S. 263, 36 L. ed. 442; Territory v. Kelly, 2 N. M. 302; Laws 1905, ch. 116, secs. 9, 12, 24, 25; C. L. 1897, sec. 3425; 7 Cyc. 218; State v. Jenkins, 32 Kan. 477, 4 Pac. 809; Risner v. Com., 95 Ky. 539, 26 S. W. 388; State v. Love, 106 La. 658, 31 So. 289; Hewitt v. Saginaw, 71 Mich. 287, 39 N. W. 56; Kell v. Brillinger, 84 Pa. St. 276; 1 Thompson on Trials, sec. 15; Cox v. People, 19 Hun., N. Y. 430, affirmed, 80 N. Y. 500; Jones v. State, 3 Blackf., Ind. 37; Campbell v. State, 48 Ga. 353; People v. Lebadie, Mich., 33 N. W. 806; 1 Brickwood's Sackett on Instructions secs. 16 17.

Proceedings in issuing special venires and selection of jurymen therefrom, were irregular. Laws 1905, ch. 116, secs. 9, 12, 24.

Juryman challenged by defense was incompetent to try issue in case. People v. Joseph Damon, 13 Wend. 351; Gonzales v. State, 31 Tex. Cr. Rep. 508, 21 S. W. 253.

Juror without knowledge of defendant or permission of court separated from rest and visited his place of business. Defendant was entitled to a new trial. U. S.

v. Spencer, 8 N. M. 667; 1 Blashfield on Sackett, sec. 101; Wharton Crim. P. & P. 589; Jumpertz v. People, 21 Ill. 375; State v. Godfrey, Vt., Brayt. 170; Berry v. State, 10 Ga. 511; State v. Fertig, 84 Iowa 79, 50 N. W. 545; State v. McCormick, 84 Me. 566, 24 Atl. 938; Cochran v. State, 26 Tenn., 7 Hump. 544; People v. Shafer, 1 Utah 260; McQuillen v. State, 16 Miss. 587; Anderson v. State, 28 Ind. 22; State v. Brown, 36 Atl., Del. 458; Hampton v. State, 86 N. W. 596, 111 Wis. 127.

Court erred in refusing instruction "that the absence of all evidence of an inducing cause or motive to commit the crime, when the fact is in reasonable doubt as to who committed it, affords a strong presumption of innocence." 2 Blashfield on Instructions, secs. 850, 854, 863; Vaughn v. Commonwealth, 85 Va. 671; Territory v. Baca, 11 N M. 559; Chitister v. State, 36 Tex. Cr. App. 635; Insurance Co. v. Mercantile Co., 13 N. M. 241; Territory v. O'Donnell, 4 N. M. 196; Territory v. Caldwell, 14 N. M. 535; C. L. 1897, sec. 3431; Wharton Crim. Ev., sec. 435; State v. Cameron, 40 Vt. 555; Beavers v. State, 58 Ind. 530; McKenzie v. State, 26 Ark. 334; People v. Tyler, 36 Cal. 522; State v. Grebe, 17 Kas. 458; Farrell v. People, 133 Ill. 244, 24 N. E. 423; State v. Landry, 85 Me., 26 Atl. 998; State v. Cameron, 40 Vt. 555; Thomas v. State, 36 So. 734, 139 Ala. 80; State v. Goff, 62 Kas. 104, 61 Pac. 683; reversing 10 Kas. App. 286 and State v. Evans, 9 Kas. App. 889; People v. Provost, 107 N. W. 716, 144 Mich. 17; Haynes v. State, 27 So. 601, Miss.; Matthews v. People, 6 Colo. App. 456, 41 Pac. 839; People v. Flynn, 73 Cal. 513, 15 Pac. 102; Foxwell v. State, 63 Ind. 539; Metz v. State, 46 Neb. 547, 65 N. W. 190; State v. Goff, 61 Pac. 683, 62 Kas. 104; Blashfield on Inst., secs. 276, 277.

Instructions not on the law of the case are error. C. L. 1897, sec. 2994; U. S. v. Densmore, 12 N. M. 99; 1 Brickwood's Sackett on Instructions, secs. 88, 93, 198.

Unauthorized interference with deliberations of jury. Territory v. Griego, 8 N. M. 138; People v. Harris, 43 N. W. Rep., Mich. 1060; McBean v. State, 53 N. W. Rep., Wis. 497; Swaggerty v. Caton, 1 Heisk., Tenn. 202; State

v. Keifer, 16 S. Dak. 190, 91 N. W. Rep. 1117; 1 Brick-wood's Sackett, sec 91.

FRANK W. CLANCY, Attorney General, for Appellee.

The record of a court of competent jurisdiction im-ports incontrovertible verity as to all proceedings which it sets forth as having taken place, and is of so high a nature that no averment can be made against it. Wells v. Stevens, 2 Gray 117; Michener v. Lloyd, 16 N. J. Eq. 40; Wigmore on Evidence, sec. 2450; Fleming v. Clark, 12 Allen 198; Sayles v. Briggs, 4 Metc. 424; 1 Bishop on Crim. Proc., secs. 816, 818, 821, 825, 826; Atkins v. State, 16 Ark. 573; People v. Goodwin, 18 J. R. 187; People v. Ol-cott, 2 Johnson's Cases 301; People v. Barrett & Ward, 2 Caines' Cases 305; State ex rel. Battle, 7 Ala. 259; Nugent v. State, 4 Stewart & Port 72; State v. Garrigues, 1 Hay-wood 241; U. S. v. Perez, 9 Wheaton 579; Weinzoflein v. The State, 7 Blackf. Rep. 192; U. S. v. Shoemaker, 2 McLean's Rep. 120; People v. Barnett et al, 1 John Rep. 66; Commonwealth v. Cook, et al, 6 Serg. & Rawle 577; 1 Chitty's Crim. Law 459; Bailey v. State, 26 Ga. 580; State v. Wentworth, 35 N. H. 444; State v. Smith, 22 Vt. 74; Cook v Beale, 33 N. C. 33; Riley v. State, 43 Miss. 411; Bainbridge v. State, 30 Ohio St. 273; State v. Water-man, 87 Iowa 257; Walter v. State, 105 Ind. 573; Brown v. State, 72 Miss. 97; Roceo v. State, 37 Miss. 367; Tubbs v. U. S., 105 Fed. 61; Foerster v. U. S., 116 Fed. 862; U. S. v. Claflin, 13 Blatch. 180; Dunbar v. U. S., 156 U. S. 191; Kendall v. Powers, 4 Metc. 555.

A court is vested with the authority to discharge a jury from giving any verdict without thereby putting the defendant in jeopardy. Thompson v. U. S., 155 U. S. 274; Logan v. U. S., 144 U. S 297; Simmons v. U. S., 142 U. S. 149; U. S. v. Perez, 9 Wheat. 580; State v. Hall, 9 N. J. L. 257; State v. Redman, 17 Iowa 329; State v. Vaughn, 29 Iowa 287; Isham v. State, 1 Sneed 111; Hale v. State, 1 Cold. 167, 78 Am. Dec. 488; Wallace v. State, 2 Lea 30; State v. Staley, 3 Lea 565; Woods v. State, 14 Lea 460; Glidewell v. State, 15 Lea 133; Givens

v. State, 103 Tenn. 650, 55 S. W. 1180; Wilson v. State, 109 Tenn. 177.

No valid objection to the list of jurors served on defendant.    C. L. 1897, sec. 3425; Territory v. Kelly, 2 N. M. 302.

No irregularity in calling of talesmen.    Laws of 1905, ch. 116, secs. 12, 24.

Separation of jurors.    Territory v. Edie, 6 N. M. 566, 7 N. M. 185.

Rulings of the court on giving or refusing of instructions fall within the scope of that which is required to be embodied in a bill of exceptions distinctly certified by the judge.    Rogers v. Richards, 8 N. M. 662; Laird v. Upton, 8 N. M. 412; Territory v. Chaves, 9 N. M. 282; Territory v. Archibeque, 9 N. M. 404; England v. Gebhardt, 112 U. S. 505; Railway Co. v. Warren, 137 U. S. 348; Kerr v. Champitt, 95 U. S. 188; Hume v. U. S., 170 U. S. 211; Stewart v. Ranch Co., 128 U. S. 383; Lewis v. U. S., 146 U. S. 370; Tucker v. U. S., 164 U. S. 170; Hadden v. Joslin, 142 U. S. 676; Laws 1907, ch. 57, secs. 22, 24, 57, 46, 52.    Thompson v. Riggs, 5 Wall. 675.

Instructions were correct.    Comm. v. Tuey, 8 Cush. 2; Allen v. U. S., 164 U. S. 501; Territory v. Griego, 8 N. M. 135.

### OPINION OF THE COURT.

MECHEM, J.—This is an appeal from a conviction of murder in the second degree.

1.    Appellant complains of the action of the trial court in sustaining a motion to strike the material allegations of a plea of former acquittal made by him on April 13, 1909, when the case was called for trial a second time.    The plea alleged that at a former trial thereof the case went to the jury about nine o'clock Saturday evening, November 7, 1908; that on the following day, Sunday, the 8th, about 2 p. m. Henry Westerfield, foreman of said jury, was allowed to separate himself from the rest of the jurors and, in charge of the bailiff, telephoned the judge of the court that the jury could not agree; that the judge told the foreman that they must try further and the jury

proceeded to again deliberate and ballot upon their ver·
dict; that, after deliberating and balloting, they again on
the same day told the bailiff they could not agree, and in
a body went to the room in which there was a telephone,
and by means of it, through their foreman, so informed the
judge, at his residence, and thereupon by direction of the
court the bailiff permitted the jury to separate and retire
to their respective homes; that, after the separation of the
jury, one of the jurymen telephoned to the judge to as-
certain whether he should report for further duty as a
juror, and he was informed by the court that he was drawn
on a special venire for that case, and that he would not
be held and need not report for further duty; that the
defendant was not present, nor were his counsel, nor was
his consent ever asked, or obtained to such separation, nor
was a record made thereof, nor was the court actually in
open session, nor was the court in recess, but an adjourn-
ment of the same had been taken on Saturday night, the
7th of November, until Monday morning, the 9th of
November, 1908; that on Monday, November 9th, 1908,
at 9:30 a. m., the regular hour of convening court, the
jury which had been considering the case was called into
the box at the direction of the judge, and, one of the jurors
not appearing, he having been excused as above set forth,
he was sent for and asked to come to court in order that
the jury might be reconvened and formally discharged;
that the jury was reconvened, and an order made dis-
charging them and continuing the cause until a future
time; that the discharge of the jury in this manner at that
time was objected to and exceptions saved by the defendant.
To this plea the territory moved to strike out those para-
graphs which contained statements of the transaction
which took place on Sunday, the absence of one of the
jurors on Monday morning; his being sent for by the
court, and the reconvening of the jury, upon the ground
that these matters were "irrelevant, immaterial, redun-
dant, and unauthorized, and were contrary to the record
in the case."    This motion was sustained, and defen-
dant excepted.    We are to pass upon this question
on the record presented to us.    The matters occurring on

Sunday set forth in the plea of abatement, the objection to the discharge of the jury on Monday morning, are not shown by the record. As to the objection to the discharge of the jury and the exceptions to the court's ruling on the same, the plea contained the following: "To the discharge of said jury in the manner aforesaid, the defendant, by his counsel, then and there objected and excepted, although such objection does not appear upon the court's record of the case, but does appear upon the stenographer's record of the proceedings in said cause and would appear of record in a bill of exceptions, if the same should ever be made." The objection and exception were never made a part of the record by a bill of exceptions. The objection not appearing on the record proper nor by bill of exceptions, as far as the record is concerned, it appears that the jury was discharged without objection and with the implied consent and in the presence of the appellant. The stenographer's record will not be received to control the record in the case. District of Columbia v. Woodbury, 136 U. S. 450-467. The language used by Justice Brewer in the case of Evans v. Steetnisch, 149 U. S. 605, 607, in which a motion was made for a new trial, based on an affidavit that neither plaintiff nor his counsel were present at the trial at which the verdict was rendered and judgment entered in the case, when the record showed that the plaintiff was present, by his attorneys, is applicable here. He said in that case: "In the first place, only errors apparent on the record can be considered, and an affidavit filed for use on a motion is not of the record, any more than the deposition of a witness used on a trial, and only becomes a part of the record by being incorporated in a bill of exceptions. x x x The record imports absolute verity; an affidavit of a witness does not; and when the court, which, in addition, may be supposed to have personal knowledge of the fact, sustains the recital in the record as against the statement of the affidavit, its rulings cannot on review be adjudged erroneous."

Counsel for the appellant insists that the proper procedure upon the plea of a former jeopardy was for the territory to either have traversed or demurred to it; that

the motion to strike was not proper and should have been denied; that, if a traverse had been interposed, trial by jury was then proper to determine the truth of the allegations, and if found to be true by a jury, judgment should have been rendered and discharge ordered. If a demurrer had been interposed, the sufficiency in law of the facts stated would have been the issue; but the practice is that a prosecuting officer 'may join issue on such a plea by reply nul tiel record if he disputes the fact' of the alleged acquittal, and upon a reply of nul tiel record, where the former proceedings are that of the court in which the plea of former acquittal is made, an issue is raised which is to be determined by the court on an inspection of its own records. Bassett v. U. S., 76 U. S. 38-40. In such case no evidence is required; only questions of law being presented. Peters v. U. S., 94 Fed. 127; 36 C. C. A. 105.

In the case before us, the district attorney based his motion to strike on the ground that the allegations of the plea of former acquittal were in contravention of the record itself. An issue was presented which could have been tried only by an inspection of the record, and, the record disclosing the fact that the plea impeached it, the plea must fail because the record must stand.

2. The appellant did not testify in his own behalf, and the court gave the following instruction: "There is a statute law of this territory which is a part of the law of this case and is as follows, Sec. 3431, C. L., 1897: 'In the trial of all indictments, informations, complaints and cther proceedings against persons charged with the commission of crime, offenses and misdemeanors in the courts of this territory, the persons so charged shall at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption 'against him.' That has been construed by courts generally to mean, and you are instructed, that attorneys for the prosecution have not the right to comment adversely on the failure of the defendant to become a witness in his own behalf, and, if there has been anything said by the attorneys for the territory in this case which amounted to adverse comment, you should disregard

it." To this instruction the appellant then and there objected and requested the following instruction: "The court instructs the jury that the defendant may, if he sees fit, become a witness in his own behalf; but the law imposes no obligation upon him to testify in his own behalf, or as to any material fact in the case, and the fact that the defendant may not take the stand and testify as a witness in his own behalf as to any material fact, is not to be taken or considered by you in arriving at your verdict, and no presumption whatever to be raised against him on account of the accused not testifying in his own behalf." Which was refused by the court. The instructions given narrowed the terms of the statute. The instruction requested correctly construed the statute, and the court committed error in refusing to give it.

3. After the jury deliberated for at least twenty-four hours, they were called into court, and the judge inquired as to the probability of their agreeing. They reported to the court that they could not agree. Thereupon, the court, of its own motion, without any request, gave them the following instruction: "Gentlemen of the Jury: Upon your report that you are unable to agree in the cause which has been submitted to you, I think it my duty to remind you that this is the second trial of the cause; that each trial has, as a matter of course, been attended with large expense to the county; and presumably to the defendant; and that you should make another effort to agree. To aid you in the further consideration of the case, I instruct you that, although the verdict to which a juror agrees must of course be his own verdict, the result of his own convictions, not a mere acquiescense in the conclusions of his fellows, yet, in order to bring twelve minds to a unanimous result, you must examine the question submitted to you with candor and with a proper regard and deference to the opinion of each other. You should consider that the case must at some time be decided; that you are selected in the same manner and from the same source from which any further jury must be; and there is no reason to suppose that the case will ever be submitted to twelve men more intelligent, more impartial, or more competent to

Territory v. Donahue, 16 N. M. 17.

decide it, or that more and clearer evidence will be produced on the one side or the other. And, with this view it is your duty to decide the case if you can conscientiously do so. In conferring together, you ought to pay a proper respect to each other's opinion, and listen, with a disposition to be convinced, to each other's arguments, and, on the one hand, if the larger number of your panel are for conviction or for conviction of a certain degree of murder or manslaughter a dissenting juror should consider whether a doubt in his own mind is a reasonable one, which makes no impression on the minds of so many men, equally honest, equally intelligent with himself, and who have heard the same evidence, with the same attention, and with an equal desire to arrive at the truth, and under the sanction of the same oath. And, on the other hand, if a majority are for the defendant, the minority ought seriously to ask themselves whether they may not reasonably and ought not to doubt the correctness of a judgment which is not concurred in by most of those with whom they are associated; and distrust the weight and sufficiency of that evidence which fails to carry conviction to the minds of their fellows." To the giving of this instruction the appellant made timely objection and assigns error, relying on the case of the United States vs. Densmore, 12 N. M. 99, as authority that it was erroneous because not within the province of the court to give, not being an instruction as to the law of the case. In that case, the jury had reported that they were unable to agree, and the judge sent them out for further consideration, remarking, (quoting from the report) : "that the expense of the trial had been great, and that another trial must be an additional expense much greater than would be incurred by keeping the jury together for a further time." The point raised was that the instruction was given orally, when it should have been given in writing, in accordance with Sec. 2994, C. L., 1897, requiring the judge to instruct the jury in writing as to the law of the case," but this court held that, as the instruction, or rather the remark made by the trial judge, was neither an instruction as to the law or the facts of the case, it was not necessary to commit it to writing.

The instruction complained of in this case was taken literally from a charge in a criminal case which was approved by the Supreme Court of Massachusetts in Commonwealth v. Tuey, 8 Cush. 17, and by Supreme Court of Connecticut in State vs. Smith, 49 Conn. 376, and pronounced to be the law of the Supreme Court of the United States in Allen vs. U. S., 164 U. S. 492-501. This assignment of error is not well taken.

Other questions argued by counsel need not be considered. For the reasons above stated the judgment of the lower court will be reversed and the case remanded for a new trial.

Associate Justice Roberts not having been a member of the Court when this case was argued did not take part in this decision.