(No. 2219.    Aug. 27, 1918.)

## STATE· v. WHITENER.

(Rehearing Denied Nov. 27, 1918.)

SYLLABUS BY THE COURT.

1.    Under facts stated, there was no abuse of discretion in denying motion for a continuance.    P. 21

2.    Evidence ȷtending to show more than one act of criminal intercourse between the accused. and the prosecutrix is admissible to show the relation and familiarity of the parties and as corroborative of the prosecutrix's testimony concerning ·the particular act relied upon for a conviction.    ·    P. 21

3.    As no corroboration of prosecutrix is necessary to uphold conviction for rape (State v. Ellison, 19 N. M. 428, 144 Pac. 10), a requested. instruction on the subject of corroboration, contrary to the rule, is properly refused.    P. 23

4.    Where no exception was saved to a given instruction, it cannot be considered on appeal.    P. 23

5.    Whether prosecutrix was under age of consent, or not, is a question for the jury.    P. 23

6.    Where verdict is supported by substantial evidence, same will not be disturbed on appeal.    P. 23

7.    Where defendant, believing that prosecutrix had told of his relations with her, put himself under · protection of third person and admitted to such person. that he had slept with prosecutrix, the confession was purely voluntary and admissible.    P. 22

Appeal from District Court, De Baca County, Mc-Clure, Judge.

Samuel Whitener was convicted of statutory rape and he appeals.    Affirmed.

W. R. McGill, of La Lande, T. M. Noble, of Clovis, K. W. Edwards, of Ft. Sumner and W. A. Gillenwater, of Clovis, for appellant.

The court erred in denying the motion of the appellant for a continuance.

Terr v. Kelly, 2 N. M. 292; Terr v. Kinney, 3 N. M. 143; Terr v. Faulkner, 6 N. M. 464; Terr v. Torres, 16 N. M. 615.

Uncorroborated testimony of the prosecutrix is insufficient to sustain conviction for rape where defendant under oath denies the charge.

Sewers v. Terr. 50 Pac. 257; Mares v. Terr. 65 Pac. 165; State v. Baker, 56 Pac. 81.

Harry L. Patton, Attorney General and Milton J. Helmick, Assistant Attorney General, for the State.

Proof of acts prior to act charged in indictment is admissible. Cyc. 1438.

Uncorroborated testimony of prosecutrix is sufficient to sustain conviction. State v. Allison, 144 Pac. 10.

### OPINION OF THE COURT.

MECHEM, District Judge. The appellant, Whitener, was convicted of statutory rape, and he appeals.

[1] The denial by the court of his motion for continuance is his first assignment of error. The ground for this motion was the absence of a material witness from the state; but the trial court found from the record that the witness had been served with a subpœna in the cause and that he had willfully disobeyed the order of the court and had moved to Arizona, where he resided at the time of the trial. The court was justified in denying the motion for continuance, there being no likelihood of defendant's being able to secure the witness' attendance at a later day.

[2] The court permitted the prosecutrix to testify

to other acts of sexual intercourse with defendant, previous to the one charged in the indictment. The defendant by seasonable objection raises the point that the evidence was inadmissible.

The authorities are almost unanimous that such evidence is admissible in prosecutions for statutory rape. 33 Cyc. 1483. In State v. Robinson, 32 Or. 43, 448 Pac. 357, the court says:

"It is next insisted that the court was in error in allowing the prosecution to give evidence tending to show more than one act of criminal intercourse between the defendant and the prosecutrix. The reason assigned for the objection to this testimony is that it violates the rule which prohibits evidence of a distinct crime unconnected with that alleged in the indictment to be given against the prisoner. As a general rule, the principle invoked is unquestioned, although there are in fact ·many exceptions, which it is unnecessary to attempt to point out at this time, as the authorities fully sustain the competency of the evidence offered and admitted in this case, not for the purpose of proving a different offense, but to show the relation and familiarity of the parties, and as corroborative of the prosecutrix's testimony concerning the particular act relied upon for a conviction. Strang v. People, 24 Mich. 6; People v. Abbott, 97 Mich. 484, 556 N. W. 862 (37 Am. St. Rep. 360); Com. v. Merriam, 14 Pick. (Mass.) 5518; Hardtke v. State, 67 Wis. 552, 30 N. W. 723; Taylor v. State, 22 Tex. App. 5529, 3 S. W. 753 (58 Am. Rep. 656); People v. O'Sullivan, 104 N. Y. 481, 10 N. E. 880 (58 Am. Rep. 530)."

The defendant questions the sufficiency of the state's evidence to prove the corpus delicti. We have read the evidence carefully and find no basis for that conclusion. The details of the prosecutrix's testimony were such as to convince one that she knew what she was talking about, and if she had had a long period of experience, as she testified, of the same kind, at defendant's hands, any doubts arising from innocent ignorance concerning such matters must, long before the commission of the act charged, have vanished.

[7] The defendant, believing that the prosecutrix had told another person of defendant's relations with her and fearing violence, placed himself under the pro-

tection of one Payne, and admitted to Payne, so Payne testified, that he (defendant) had slept with the prosecutrix.

The point is made that this was a confession, made under duress, but as no duress was shown, as the confession was purely voluntary, and as the defendant was not in custody, there seems to be no valid objection to it.

[3] The error assigned to the court's refusal to give an instruction on the subject of corroboration is not well taken in view of State v. Ellison, 19 N. M. 428, 144 Pac. 10.

[4] No exception was saved in the lower court to instruction No. 9, and it cannot be considered here.

[5] There is no error assigned to the failure of the state to establish the prosecutrix's age, but it is urged in the briefs. She testified that she was 14 years of age and based her statement on what her half-sister told her, with whom she had lived since she was 4 years of age. The evidence was competent, and the jury was the judge of its weight, as well as of her credibility. State v. Marshall, 137 Mo. 463, 36 S. W. 619, 39 S. W. 63; Grand Lodge A. O. U. W. v. Bartes, 111 Am. St. Rep. 577, note. The judge and jury also had the opportunity of satisfying themselves of prosecutrix's age from her appearance.

[6] We are asked to reverse this case on the facts. That the state made out its case by competent evidence, there can be no doubt. It was for the jury to say whether or not it believed the state's witnesses. If it did, it was its duty to convict; if not, to acquit. There is nothing in the record to show that the verdict was the result of bias or prejudice against the defendant. From all that is shown he had a fair trial and was ably defended. The function of an appellate court is to correct errors of law, and only where, in a given case, there is such a lack of facts as is necessary to establish a crime, is there error within this court's review.

Finding no error, the judgment of the lower court will be affirmed, and it is so ordered.

PARKER and ROBERTS, JJ., concur.

