(No. 31045.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES C. FRY, Plaintiff in Error.

*Opinion filed September 22, 1949.*

PAUL F. O'NEIL, of Rochelle, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and CLARK H. COUNTRYMAN, State's Attorney, of De Kalb, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The defendant, Charles C. Fry, brings this writ of error to review the action of the Appellate Court for the Second District in affirming a judgment of the county court of De Kalb County, finding him guilty of contributing to the delinquency of minors and sentencing him to four months in the county jail and to pay a fine of $100 and costs. An information was filed on October 21, 1947, in the county court charging that the defendant on the 18th day of October, 1947, at De Kalb, "was then and there guilty of attempting to have indecent and immoral relations with a female child under the age of 18 years, and did then and there by the acts so committed create on the part of the said minor child indecent and lascivious conduct." The defendant made a motion to quash this information on the ground that the same did not state the name of the person injured by the offense charged. This motion was denied and leave was given the State's Attorney to file an amended information which was filed on December 9, 1947, and alleged that on October 18, 1947, the defendant "* * * did then and there in a theater building in De Kalb, Illinois, known as the Fargo Theater and located on East Lincoln Highway in said city, do acts in the presence of said female children which were acts of indecent and lascivious conduct, said minor children being, to-wit: Loretta Herndon and Caroline Mathers." The defendant filed a motion to quash the amended information on the grounds that it attempted to charge two offenses in one count and, further, that it was so indefinite that it failed to reasonably inform the defendant of the offense with which he was charged.

This motion to quash the amended information was denied and the matter was then heard before the court without a jury. After a full hearing the court found the defendant guilty and sentenced him to serve four months in the county jail and to pay a fine of $100 and costs. A motion was made by the defendant at the close of the People's case for judgment, which was denied, and likewise a motion in arrest of judgment was also denied.

The defendant then appealed to the Appellate Court for the Second District, which court rendered its opinion affirming the judgment of the county court. He has brought a writ of error to this court to review this judgment of conviction. There was no stenographic report taken of the testimony at the hearing and he seeks a reversal solely on the ground that the amended information should have been quashed, and that it was not sufficient to support a conviction.

Rule 39 of this court requires that the concluding subdivision of the statement of the case shall contain a brief statement of the errors relied upon for reversal, but the defendant has not so recited the errors upon which he seeks to reverse the cause. A careful reading of his brief indicates that the sole. contentions made by him are that the amended information was defective because it failed to set forth the facts charged with sufficient certainty to support a conviction and for the further reason that the information did not allege knowledge and intent of the defendant to commit the acts.

The statute upon which the information is predicated provides: "Any person who shall knowingly or wilfully cause, aid or encourage any male under the age of seventeen (17) years or any female under the age of eighteen (18) years to be or to become a delinquent child as defined in section one (1), or who shall knowingly or wilfully do acts which directly tend to render any such child so delin-

quent \* \* \* shall be deemed guilty of the crime of contributing to the delinquency of children and on conviction thereof shall be punished by a fine of not more than two hundred (200) dollars, or by imprisonment in the county jail, house of correction or workhouse not more than one (1) year, or by both such fine and imprisonment." (Ill. Rev. Stat. 1947, chap. 38, par. 104.) A "delinquent child," as referred to in this section, is defined in the preceding section and includes one who is guilty of "indecent and lascivious conduct."

The test for the sufficiency of an information is whether or not the defendant is notified of the charge which he is to meet, so that he can properly prepare his defense. *People* v. *Westerdahl*, 316 Ill. 86, 90; *People* v. *Krause*, 291 Ill. 64.

The defendant has contended that the words, "indecent and lascivious," are not sufficiently precise. However, they are words of common usage with a recognized meaning, connoting lustfulness and sensuality. *People* v. *Friedrich*, 385 Ill. 175.

In *People* v. *Johnson*, 392 Ill. 409, we held an information to be sufficient which charged the defendant with contributing to the delinquency of a minor by committing an "indecent act" on the person of the child. It is to be noted that in the case at bar, while the exact act of misconduct has not been set forth in the information, the exact date and place where the act was alleged to have been committed were set forth. Generally, the precise statement of such sordid details is regarded as so obscene as to not require the same to be spread on the records of the court. (*People* v. *Jensen*, 392 Ill. 72.) We believe that the information in the case at bar adequately apprised the defendant of the crime charged and of the location and time of the act, and we can see no reason for more particularly discussing his conduct. We have previously held that it is not necessary

to allege that the child became delinquent as a result of such acts. (*People* v. *Brosman,* 361 Ill. 545.) Likewise, since the offense of which the defendant was accused was evil by nature and was perforce knowingly performed, no allegation of specific intent was necessary under the terms of the statute.

The fact that the information also charged misconduct with two female children in one count does not necessarily render it defective, because the information contained a sufficient charge upon which judgment could be based. We have carefully considered the arguments advanced by the defendant, and we conclude that the action of the Appellate Court and of the county court were proper, and the judgment is, therefore, affirmed.

*Judgment affirmed.*