THE STATE OF MONTANA, Plaintiff and Respondent, v. WILLIAM NICKS, Defendant and Appellant.

Nos. 9894, 9723.

332 Pac. (2d) 904.

Submitted June 6, 1958. Decided Nov. 26, 1958.

Hansen, Culver & Jones, Baker, Al Hansen and Clayton Jones, argued orally, for appellant.

Forrest H. Anderson, Atty. Gen., Robert J. Emmons, Asst. Atty. Gen., Gene Huntley, County Atty., Baker, Gene Huntley, County Atty., and Robert J. Emmons, Asst. County Atty., argued orally, for respondent.

MR. JUSTICE ANGSTMAN:

Defendant was convicted of the crime denounced by section 94-4106, R.C.M. 1947, of committing lewd and lascivious acts upon the person of a minor child below the age of sixteen years, alleged to have been committed on or about the 19th day of March 1955. His motion for a new trial was denied and he has appealed from the judgment of conviction. At the trial and over defendant's objection as being too remote in point of time, the State was permitted to show similar acts to those charged here as having been committed on August 4, 1951, and

in June 1951 in the State of California. This is now assigned as error.

Appellant concedes as he must that evidence of other sex acts between the same parties is admissible. His position is that the question of the remoteness of time is always one that the court must determine and generally speaking whether similar acts are sufficiently related in point of time is a discretionary matter for the trial judge. However it is not an uncontrolled discretion and if this court regards the matter too remote it should have no hesitancy in ruling that there has been an abuse of discretion.

The State relies upon the case of State v. Peres, 27 Mont. 358, 71 Pac. 162, as sustaining the right to introduce such evidence covering a period of three years prior to the time of the act as charged. Examination of the opinion in that case does not indicate that this point was considered by the court. The court did rule that evidence of prior acts was admissible, but it does not appear that any point was raised as to the evidence being too remote in point of time.

The State also relies upon the cases of State v. Vinn, 50 Mont. 27, 144 Pac. 773, and State v. Harris, 51 Mont. 496, 154 Pac. 198. Those cases did not treat of the question that we are considering here. They simply ruled that evidence of similar acts is admissible, but the court did not give consideration to the question of the remoteness of time between the prior acts and the time relied on in the information.

The question before us here was involved in State v. Paddock, 86 Mont. 569, 284 Pac. 549, 551. There the acts complained of however were committed about three months before the act charged in the information. The court quoted from 1 Wigmore on Evidence, section 399 (2d ed.), as follows: " 'The limits of time over which the evidence may range must depend largely on the circumstances of each case, and should be left to the discretion of the trial court':"

The case of People v. Turner, 260 Ill. 84, 102 N. E. 1036, is relied upon by the State and in that case evidence covering a

period of four and one-half years before the time of the alleged offense was permitted to be introduced. The only objection made to such evidence as shown from the court's opinion is that the evidence related to a time beyond the three-year period of the statute of limitations and for that reason should have been excluded. The court properly ruled that the period of limitations had nothing to do with the case. The court did not however consider the question as to whether the evidence was too remote in point of time otherwise. That issue apparently was not tendered by the objection made, but if so and if the case be considered as holding that acts committed four and one-half years before the time charged in the information is not too remote, we decline to follow it.

We are more impressed with the ruling of the court in the case of State v. Moubray, 139 W. Va. 535, 81 S. E. (2d) 117, 122. That case was one involving an incest charge, and the question presented was whether evidence of a similar act committed three years before the act charged in the information was too remote. The court said: "A trial court is vested with a sound discretion in determining whether a separate similar act is too remote or is sufficiently near in point of time to the specific act in issue to be admissible in evidence, and the exercise of such discretion in excluding or admitting such evidence will not be interfered with by an appellate court unless it amounts to an abuse of discretion. When, however, the ruling of the trial court with respect to such separate act constitutes an abuse of discretion such ruling will be reversed. [citing cases.] The criminal acts to which the stepdaughters testified were too remote in point of time and the evidence relating to all of them was, for that reason and regardless of any other ground, inadmissible and should have been excluded by the trial court. The evidence was highly prejudicial to the defendant and its admission constituted reversible error."

The reason for excluding such evidence is of course fundamental. The defendant should be informed by the information of the particular crime with which he is charged. He looks to

the information to ascertain the charge that he must be prepared to meet. If he may be subjected to evidence of his conduct many years before the time named in the information he will be taken by surprise and the ''issues would be multiplied indefinitely, without previous notice to the defendant, and greatly to the distraction of the jury.'' Quen Guey v. State, 20 Ariz. 363, 181 Pac. 175, 177.

That the evidence was highly prejudicial there can be no doubt. In substance the evidence came from a witness who was at the time a Major in the United States Army. In effect he testified that defendant while in the armed services signed a writing admitting that he committed acts similar to those charged in the information here and with the same child and by reason thereof was discharged from the army. All of this evidence consisted of the oral testimony of the witness (Tennyson) and without any supporting written documents. It should be said that the conviction of the defendant aside from the testimony of Major Tennyson rested entirely upon the uncorroborated evidence of the prosecutrix. In laying the foundation for this evidence the State offered proof that the signed statement kept by Major Tennyson had been destroyed and that if a copy of it were in the files of the St. Louis office where they were usually forwarded they would not be released because they are considered confidential. If the document were in fact confidential it would seem that evidence of its contents would be also. However, since we have held that the time of these acts was too remote, we need not determine whether the procedure in obtaining the contents of this writing was proper. It follows that defendant's motion for a new trial should have been granted.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE HARRISON did not participate in this opinion.

MR. JUSTICES ADAIR and BOTTOMLY, concur.

MR. JUSTICE CASTLES dissents.