353 P.2d 364

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Erma DODSON, Defendant-Appellant.**

**No. 6635.**

Supreme Court of New Mexico.

June 7, 1960.

Rehearing Denied July 11, 1960.

James Sidwell, Albuquerque, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Thomas O. Olson, Asst. Atty. Gen., Boston E. Witt, Asst. Atty. Gen., for appellee.

McGHEE, Chief Justice.

Defendant was convicted below of contributing to the delinquency of a minor by engaging in certain illicit sex practices with said minor.

The crucial point raised in this appeal is the refusal of the trial court to give a cautionary instruction to the jury. The requested instruction states:

"From the nature of a case such as this, the juvenile (X) and the defendant, if she was in the company of (X) at the time, usually are the only witnesses of their conduct. Therefore, I charge you that the law requires that you examine the testimony of (X) as to what occurred on the occasions she was with the defendant, with caution."
((X) substituted by us for name of prosecutrix.)

The testimony of the prosecutrix concerning the conduct complained of was uncorroborated and met directly with a denial by defendant who took the stand in her own behalf. There is no question that the evidence, if believed by the jury, is sufficient to sustain the conviction. Therefore, we are faced squarely with the issue of whether the failure to give the requested cautionary instruction is prejudicial error.

We have held that in a prosecution for rape, where the evidence is conflicting and uncorroborated as to resistance and force, the trial court should caution the jury, and failure to do so is reversible error. State v. Clevenger, 1921, 27 N.M. 466, 202 P. 687. The reasons for giving such an instruction are no less applicable here than there. The ease with which the charge may be made and the comparative difficulty in defending against it makes the field of sexual crimes one in which the court, under our system of jurisprudence, must do its utmost to insure that the issue goes to the jury in proper context.

In its brief, the State cites State v. Rutledge, 1922, 63 Utah 546, 227 P. 479, in support of its position that a cautionary instruction is not necessary. Our decision in the Clevenger case is irreconcilable with that case and we are thereby precluded from considering it as authority. The State also cites Strand v. State, 1927, 36 Wyo. 78, 252 P. 1030, as standing for the proposition that the giving or refusing of such instruction is discretionary with the trial court, and refusing the instruction is not prejudicial error when substantial evidence is found to support the verdict. We disagree with the State's analysis of that case. The court was careful to point out that other instructions were given which would fairly apprise the jury of its duty to proceed with caution. This decision was explained in a later opinion where, after admonishing State's counsel for taking a position not unlike the one taken by the State here, the court stated in State v. Koch, 1948, 64 Wyo. 175, 189 P.2d 162, 168:

"* * * In other words, the effect of the opinion is that when the testimony of the prosecutrix is not corroborated a cautionary instruction should ordinarily be given, unless in some manner it appears that the jury had a full realization of the duty to view the testimony of the prosecutrix with caution."

■ We hold that failure to give a cautionary instruction was prejudicial error requiring reversal.

Since other errors alleged in defendant's brief are likely to recur on retrial they will be reviewed here.

■ Defendant alleges that the admission over proper objection of evidence of other acts with the prosecutrix similar in nature to those charged but occurring at times not covered in the indictment was error. It is significant to note here that the element of surprise in having to rebut accusations for which defendant had not adequate time to prepare is not present in this case. The record does not show that a continuance was sought.

We stated in State v. Bassett, 1921, 26 N.M. 476, 478, 479, 194 P. 867, as follows:

"The general rule is that when a man is put on trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of other offenses must be excluded. (Citing authority). The reasons which underlie this rule are apparent and require no elucidation. The rule is founded in a natural sense of fairness and justice with which all peoples governed by the principles of the common law view the matter. The rule, however, is subject to several important exceptions, commonly socalled. They are not really exceptions, but are part of the rule itself. Whenever the proof of another act or crime tends to prove the guilt of the person on trial, it is admissible, notwithstanding the consequences to the defendant. The state has the right to show the guilt of the defendant by any relevant fact. * * *

"These various statements of the socalled exceptions to the general rule are but statements that any evidence which tends to show the guilt of the person on trial is admissible, regardless of the fact that it may show the guilt of the defendant of another crime."

Due to the confusion arising from poor analysis of the rule and its many exceptions, there is a growing tendency in the courts to state the rule affirmatively that relevant evidence of other crimes is admissible except when offered merely to show criminal disposition.

Without passing on the relative merits of the methods of expressing the rule, suffice it to say that the evil involved is that proof of criminal disposition is likely to unduly prejudice the jury against the defendant. Where, however, the testimony is shown to be otherwise relevant, it will not be rendered inadmissible merely because of this danger.

Although not cited by either party, we feel that the instant case is controlled by our decision in State v. Whitener, 1918, 25 N.M. 20, 175 P. 870. In that case defendant was convicted of statutory rape, and alleged as error the admission of testimony by the prosecutrix as to other acts of sexual intercourse with the defendant, previous to the one charged. In affirming the conviction, we quoted from State v. Robinson, 1897, 32 Or. 43, 48 P. 357, 359, a portion of which reads as follows:

"* * * the evidence (is) offered and admitted in this case, not for the purpose of proving a different offense, but to show the relation and familiarity of the parties, and as corroborative of the prosecutrix's testimony concerning the particular act relied upon for a conviction. (Citing cases.)"

Since the evidence objected to in the instant case is related in its nature to that offered in the Whitener case, we see no reason for departing from that holding merely because this case involves the same rather than opposite sexes. We hold the evidence was properly admitted. See note, 167 A.L. R. 565, 617.

Appellant next contends that the trial court erred in overruling and denying her motion for dismissal on the ground of insufficient evidence to substantiate a showing that any acts charged caused or tended to cause or encourage the delinquency of the prosecutrix. In this regard, appellant's position is that while a showing of actual delinquency was not required, it was essential for the state to show that the specific acts relied upon manifestly tended to cause or encourage delinquency. We can conceive of few acts which would more manifestly tend to cause delinquency than those charged here, and find the defendant's contention in this regard without merit.

The case is reversed with directions to set aside the conviction and grant a new trial, the conduct of which to be in a manner not inconsistent with this opinion.

It is so ordered.

COMPTON, CARMODY, MOISE, and CHAVEZ, JJ., concur.