454 P.2d 355

STATE of New Mexico, Plaintiff-Appellee,

v.

Jacob Leroy MINNS, Defendant-Appellant.

No. 241.

Court of Appeals of New Mexico.

· April 4, 1969.

James P. Saunders, Jr., Frank H. Allen, Jr., Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., David R. Sierra, Justin Reid, Larry N. Smith, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Chief Judge.

Appellant was convicted of having indecently handled and touched a girl under the age of sixteen.

Here the appellant questions the constitutionality of the statute under which he was convicted (Sexual assault, § 40A–9–9, subd. A, N.M.S.A. 1953), the trial court's ruling upon a question of evidence, the failure of the trial court to give a cautionary instruction, the sufficiency of the evidence to sustain the verdict, and the propriety of the giving, by the trial court, of a supplemental instruction (the so-called shotgun or Allen charge).

The particular portion of the Act under which appellant was convicted and which is material to our consideration of the constitutional question presented is as follows:

"Sexual assault.—Sexual assault consists of either:

A. any indecent handling or touching of any person under the age of sixteen [16] years; or

B. any indecent demonstration or exposure of, upon or in the presence of any person under the age of sixteen [16] years."

Defendant's objection to the constitutionality of the statute presents the question as to whether the Act making "indecent handling or touching" a crime is, by reason of uncertainty and vagueness, repugnant to the due process clause of the Constitution of New Mexico, Article II, Section 18, and the Fourteenth Amendment to the Federal Constitution.

It is recognized that a reasonable degree of certainty in a criminal statute is an essential of due process of law. See State v. Buford, 65 N.M. 51, 331 P.2d 1110, 82 A.L.R.2d 787 (1958). That "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

With respect to the use of similar language (obscene or indecent) the Supreme Court of the United States in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), commented as follows:

"Many decisions have recognized that these terms of obscenity statutes are not precise. This Court, however, has consistently held that lack of precision is

not itself offensive to the requirements of due process. ' * * * [T]he Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices * * *.' United States v. Petrillo, 332 U.S. 1, 7–8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877, 1883. These words, applied according to the proper standard for judging obscenity, already discussed, give adequate warning of the conduct proscribed and mark ' * * * boundaries sufficiently distinct for judges and juries fairly to administer the law * * *. That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense.' "

A definition of the word "indecent" as contained in Webster's Third New International Dictionary is as follows:

"indecent. a: altogether unbecoming; contrary to what the nature of things or what circumstances would dictate as right or expected or appropriate; hardly suitable; UNSEEMLY (hurried away with unseemly haste) b.: not conforming to generally accepted standards of morality; tending toward or being in fact something generally viewed as morally indelicate or improper or offensive; being or tending to be obscene (an obscene gesture) (obscene language) (an obscene costume)"

In State v. Chenault, 20 N.M. 181, 147 P. 283 (1915) the Supreme Court rejected the contention that a statute was void for vagueness and said:

"Counsel for appellant insist that the words 'for evil purposes,' as used in this statute, are so vague and indefinite in their meaning that those whose duty it is to execute the criminal laws cannot say with certainty what acts the Legislature thereby intended to penalize. In this connection the language of the Supreme Court of Vermont, in the case of State v. Milliard, 18 Vt. [574] 577, 46 Am.Dec. 170, a prosecution for indecent exposure of the person, strikes us as quite apt:

'No particular definition is given by the statute of what constitutes this crime. The indelicacy of the subject forbids it, and it does not require the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it.'

That the conduct of which appellant stands charged and convicted is rendered criminal by this statute is so indubitably indicated by both common sense and common morality as to make any argument in support of such conclusion wholly superfluous."

See also State v. McKinley, 53 N.M. 106, 202 P.2d 964 (1949).

Statutes of other states using language of similar import as that under consideration have been sustained against a like contention. People v. Fry, 403 Ill. 574, 87 N.E.2d 780 (1949); People v. Friedrich, 385 Ill. 175, 52 N.E.2d 120 (1943); State v. Hoffman, 240 Wis. 142, 2 N.W.2d 707 (1942); See Dekelt v. People, 44 Colo. 525, 99 P. 330 (1909).

■ The word "indecent" standing alone, as indicated by the definition, may have different meanings. The words "indecent handling or touching" when considered in context would mean such handling or touching as the common sense of society would regard as improper and morally indelicate. In our opinion, the particular language, when considered in light of the statute as a whole, is sufficiently precise when measured by common understanding to give adequate warning of the denounced conduct and to meet constitutional standards of certainty.

Appellant challenges the ruling of the trial court admitting in evidence testimony

concerning other similar acts of defendant committed with the prosecutrix and not directly connected to the offense charged.

 As a general rule evidence of collateral offenses though similar in character is inadmissible in a criminal prosecution to establish a specific crime. State v. Velarde, 67 N.M. 224, 354 P.2d 522 (1960); State v. Mason, 79 N.M. 663, 448 P.2d 175 (Ct.App.1968). This court in *Mason* commenting upon the Velarde case said it

"* * * is in accord with the general or majority rule that evidence of similar sex offenses committed with or upon persons other than the prosecutrix is ordinarily inadmissible. * * *"

The rule stated is inapplicable to other or similar sex offenses committed by defendant with the prosecuting witness. Such evidence, if not too remote, is admissible as showing a lewd and lascivious disposition of defendant toward the prosecuting witness and as corroborating evidence. See State v. Dodson, 67 N.M. 146, 353 P. 2d 364 (1960); and State v. Whitener, 25 N.M. 20, 175 P. 870 (1918); Annot., 77 A. L.R.2d 841 (1961).

Appellant appears to have anticipated such ruling and contends that evidence relating to similar acts, although generally admissible in a case of this character, is nevertheless inadmissible here because the acts to which testimony was admitted were so remote in time as to be deprived of relevancy. The testimony indicates that the first of some five acts similar to those charged occurred more than three years prior to the first incident in issue. The last two acts took place out of the State of New Mexico but within the time specified in the indictment (July 1, 1966 to July 20, 1967).

 Whether prior sex acts by the defendant with the prosecuting witness of a similar nature to those charged are too remote to have probative value is a question directed to the discretion of the trial court. State v. Nicks, 134 Mont. 341, 332 P.2d 904, 77 A.L.R.2d 836 (1958); State v.

Harold, 45 Wash.2d 505, 275 P.2d 895 (1954).

The exercise of discretion by trial court is subject to review only for clear abuse. Edington v. Alba, 74 N.M. 263, 392 P.2d 675 (1964); Rogers v. Lyle Adjustment Co., 70 N.M. 209, 372 P.2d 797 (1962).

 We cannot say, as a matter of law in this case, that the trial court abused its discretion in overruling objections to admissibility and admitting testimony of the prior similar sex acts in evidence. In reaching this conclusion we are influenced by the number of incidents which occurred, the nature of such acts, and the proximity of the last four acts to the date of the occurrences in issue.

 Appellant further insists that the trial court erred in failing to admonish the jury as to the limited scope to be given to testimony regarding prior offenses.

The appellant did object to the introduction of evidence of the collateral offenses, but did not at any time request the court to advise or admonish the jury as to the consideration it should give to such evidence. Consequently, this contention, in the absence of fundamental error, is not subject to review. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); Scofield v. J. W. Jones Construction Co., 64 N.M. 319, 328 P.2d 389 (1958); State v. Fernandez, 56 N.M. 689, 248 P.2d 679 (1952); Compare Henderson v. Dreyfus, 26 N.M. 541, 191 P. 442 (1919).

 Appellant doubtless recognizing that the claimed error on the part of the trial court might not be reviewable, has invoked the doctrine of fundamental error in an attempt to secure such review. It is contended that the failure to so admonish the jury is fundamental error warranting a reversal. We do not agree.

In State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967), the court, discussing the doctrine of fundamental error, said:

"* * * We have always applied the rule sparingly, to prevent a miscarriage of justice, and not to excuse failure to

make proper objections in the court below. See State v. Heisler, 58 N.M. 446, 461, 462, 272 P.2d 660 (1954), where the early cases are collected; State v. Lucero, supra [70 N.M. 268, 372 P.2d 837 (1962)]; State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963); State v. Gonzales, 77 N.M. 583, 425 P.2d 810 (1967)."

On the record before us we see no proper reason for the application of the doctrine.

Appellant questions the adequacy of proof to support the verdict. He contends that the conviction was based upon inherently improbable and contradictory testimony unsupported by corroborating facts or circumstances.

In State v. Richardson, 48 N.M. 544, 154 P.2d 224 (1944), a case involving statutory rape, the court said:

"* * * We have stated in a number of cases that the district court should, and that we will, examine the evidence with great care to determine whether the testimony of the prosecuting witness is inherently improbable; and if so that in the absence of some evidence of some fact unequivocally and unerringly pointing to the defendant's guilt, a conviction will not be permitted to stand."

While we do not decide that State v. Richardson is applicable to a prosecution under Section 40A–9–9, subd. A, supra, we have nevertheless, in accordance with its directions carefully reviewed the record as a whole and have reached the conclusion that the testimony of the prosecuting witness is not inherently improbable and is corroborated. Consequently, in our opinion, the verdict is adequately supported by the evidence.

It is finally contended that the trial court committed reversible error in giving an additional instruction to the jury upon being informed that the jury was unable to reach a unanimous verdict. The instruction so given has been variously referred to as the "Allen", "Voeckell" or "shotgun instruction" and is very similar to the instruction set out in Territory v. Donahue, 16 N.M. 17, 113 P. 601 (1911). In our opinion the instruction given is so worded as to be excessively coercive.

It appears to be directed to the members of the jury who hold a minority view. It is designed to pressure the minority jurors into changing their minds. See State v. Thomas, 86 Ariz. 161, 342 P.2d 197 (1959); and State v. Randall, 137 Mont. 534, 353 P.2d 1054, 100 A.L.R.2d 171 (1960).

We are impressed by the court's statement in State v. Thomas, supra. In referring to the type of charge involved here it said:

"* * * This is not in keeping with sound justice and the preservation of human liberties and security. We are convinced that the evils far outweigh the benefits, and decree that its use shall no longer be tolerated and approved by this court."

We recognize that there may be instances where additional instruction should be given. We commend New Mexico Uniform Jury Instruction No. 16.2 for use in such instances. However, the issue being discussed here has previously been decided by the New Mexico Supreme Court. State v. Hatley, 72 N.M. 377, 384 P.2d 252 (1963); State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960); Territory v. Donahue, supra. In accordance with these decisions the additional charge was not improper. Accordingly, we are not free to hold the trial court erred in using the instruction.

We have considered the authorities cited by appellant in support of all contentions which he has urged. In our opinion, however, they do not require a disposition contrary to that expressed in this opinion.

Since we conclude that the matters urged by appellant do not warrant reversal the judgment of conviction is affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.