[No. 1057, June 27, 1905.]

MELVIN W. MILLS, et al., Plaintiff in Error, v. THE TERRITORY OF NEW MEXICO, Defendant in Error.

SYLLABUS.

1.   Under Sub-Secs. 50 and 51, Sec. 2685, Compiled Laws of 1897, a frivolous answer and irrelevant or redundant matter in any pleading, may be stricken out on motion of the adverse party.

2.   A frivolous answer is one which assuming its truth, is so clearly and palpably bad, as to require no argument to convince the court that it presents nothing worthy of adjudication; and where a material issue of fact is raised by the answer, the court cannot strike out the entire answer.

3.   Where the armative defenses sought to be set up by the answer, are that by reason of the alleged facts, that the territorial treasurer did not comply with the requirements of law before depositing territorial money with the

defendant bank, and that a greater sum was deposited with the bank than called for by the terms of the bond, and that therefore the sureties were released, they are not frivolous and cannot be disposed of by the summary method of striking them out. If objected to they might have been reached by a demurrer.

Error to the district court, of Santa Fe county, before JOHN R. McFIE, Associate Justice. Remanded.

JULIUS STAAB, for plaintiffs in error.

Where a material issue of fact is raised by the pleading, the court cannot strike out the issue or the answer in toto, or otherwise dispose of it than by a jury trial.

> Hodges et al., v. Easton et al., 106 U. S. 408; Thompson v. Erie Railway Co. 45 N. Y. 468; Wayland v Tysen, 45 N. Y. 281; Perea v. Colo. Nat. Bank, 6 N. M. 1; Baylis v. Travelers' Insurance Co. 113 U. S. 316; The Idaho and Oregon Land Imp Co. v. Bradbury, 132 U. S. 509; Roberts v. Lewis, 144 U. S. 653.

A single material issue raised by the answer is sufficient to preclude a motion to strike out the whole answer, or a judgment on the pleadings, or a default judgment.

> Youngs v. Kent, 46 N. Y. 672; 11 Ency. Pl. & Pr. 1032; Fifield v. Spring Valley Water Works, 62 Pac. 1054; Goldwater v. Brown, 62 Pac. 691; Alspaugh v. Reid, 55 Pac. 300; Bank of Shasta v. Boyd et al., 34 Pac. 337, and cases cited; Haslam v. Haslam,, 56 Pac. 243; Floyd v. Johnson, 17 Mont. 469; Hancock v. Herrick, 29 Pac. 13: Bach, Cory & Co. v. Mont. L. & P. Co. 39 Pac. 291; Miller v. Chandler et al., 59 Cal. 540; Amador Co. v. Butterfield, 51 Cal. 526; Butts v. Vandement, 67 Cal. 332; Nudd v. Thompson, 34 Cal. 39; St. Louis A. & T. Ry. v. Whetby, 13 S. W. 853; Smith v. Gale, 144 U. S. 509; Gartley et al., v. People, 39 Pac. Rep. 272.

A frivolous defense is one which is made to appear

so incontrovertably by bare statement of it without argument. If an argument is required to show that the pleading is bad, it is not frivolous.

Fargo v. Vincent, 6 S. Dak. 209; Cook v. Warren, 88 N. Y. 37; Bliss on Code Pleading (3rd. Ed.) Sec. 421; 11 Ency. of Pl. & Pr. 1036, 1038-9; Smith et al., U. S. 2 Wall. 219; Reese v. U. S. 9 Wall. 13; U. S v American Bond, etc. Co., 89 Fed. 929; J. Sooy, et al., Ads. v. The State of New Jersey, 39 N. J. Rep.. 135; U. S. v. Freel, 186 U. S. 309; Boswick v. U. S., 94 U. S. 66; U. S. v. De Visser, 10 Fed. Rep. 642.

A glance at the following cases will show that there is nothing frivolous in this defense. Does the extraordinary laches discharge the surety is the question presented here.

People v. Jansen, 7 Johnson 332; Taylor v. Bank of Kentucky, 2 J. J. Marsh, (Ky.), 571; Commonwealth v. Wolbert, 6 Benn. 294; Theobald on Principal and Surety, Sec. 183; Morrison v. Aarons, 68 N. W. Rep. 33; Fidelity Mutual Life Ass'n. v. Dewey, 54 L. R. A. 945.

The law is that if a bond is not good as a statutory bond it may be good as a voluntary bond, if not contrary to public policy or public law.

Hardesty, et al., v. Price, 3 Colo., 556; Porter v. Slapp. et al., 6 Colo. 32; Purple v. Purple, 5 Pick, (Mass.) 226; Clap. Admx. v. Cofran, 7 Mass. 98; Burrough v. Lowder, 8 Mass. 373; Marshal v. State, 8 Blackf. 162, (Ind.) U. S. v. Hodson, et al., 10 Wall. 395.

It is an elementary principle that an increase of risk will discharge the surety ipso facto, or the substitution of any other contract than the one agreed upon by the surety discharges him.

Ryan v. Trustees of Shawneetown, 14 Ill. 20; Reese v. United States, 9 Wall. 13; United States v. Corwine, et al., 25 Fed. Case No.

14871; Evans v. Gradon 28 S. W. 439.

It is a cardinal principle that a motion directed against the whole of any pleading must fail if any part of the pleading is good.

> Thompson v. Williamson, 54 Atl. 453; Du Clas. v. Batcheller, et al., 49 Pac. 483; Witherel v. Wiberg, 30 Fed. Case No. 17,917; C. B. & Q. R. R. Co. v. Sparks, et al., 70 N. W. (Neb.) 926; Smith v. Myers, 74 N. W. 277; Ambush v. Ford, 4 Ohio, Dec. 238; Blake v. Eldred, 18 How. Pr. 240; Oregonian Ry. Co. v. Oregon Ry. & Nav. Co., 22 Fed. 245; Zummerer, et al., v. Fremont Nat. Bk., 81 N. W. 849; People, ex. rel., Crawford v. Lathrop, etc., 3 Col. 428; German Ins. Co. v. Stiner, 96 N. W. 122; Maxwell Pleading and Pr. (5th Ed.) p. 167; Palmer v. First National Bk. of Ulysses, 81 N. W. 303; Gilbert v. Loberg, et al., 57 N. W. Rep. (Wis.) 98; 20 Ency. Pl. & Pr. 65.

As to the motion to strike out the defensive matter, it is settled that the motion must be denied if any part of the matter so attacked is good.

> Stuht v. Sweesy, 67 N. W. 748; Patterson v. Hollister, 32 Mo. 478; Jackson v. Bowles, 67 Mo. 609; Bliss on Code Pleading (3rd. Ed.) Sec. 420; Pearce v. McIntyre, 29 Mo. 423; State v. Fleming, 44 S. W. 758; Keairnes v. Durst, 81 N. W. 238; 20 Ency. Pl. & Pr. 992.

As long as the pleader places each defense in a distinct count or paragraph, it cannot be duplicitous.

> Otis v. Mechanics Bank, 35 Mo. 128; Stevenson v. Judg., 49 Mo. 227; State v. Newland, 69 Ind. 108; Bliss on Code Pleadings, Secs. 288-290-294-424; Pomeroy's Code Remedies (4th. Ed.) pp. 710-717; 14 Ency. of Pl. & Pr. 91-92, Comp. Laws of N. M., Sub-Sec. 67 of Sec. 2685; Speech v. Spangenberg, 30 N. W. 875.

A motion to strike out is not a demurrer and cannot be used as such.

> 14 Ency. Pl. & Pr. 91-92, and notes; Walker v. Pumphrey, et al., 48 N. W. (Iowa) 924; Hagerty v. Andrews, 94 N. Y. 199; Davis v. Louisville and N. R. Co., 18 South, 687; Armstead v. Neptune, et al., 44 Pac. 999; Howell v. Knickerbocker L. Ins. Co., 24 How. Pr. 475; Bates v. Clark, et al., 95 U. S. 204; Water v. Fowler, 85 N. Y. 621; Pomeroy's Code Remedies, (4th Ed.) p. 611; Gjerstadengen, et al., v. Hartzell, 79 N. W. 872; Wattels v. Minchen, 61 N. W. 915; Beebe v. Latimer, 80 N. W. 904.

Where the allegations of a pleading are indefinite and uncertain, the proper attack is by motion to compel the party to make his pleading more definite and certain.

> People v. Ryder, 12 N. Y. 438; Computing Scales Co. v. Long, 44 S. E. 963; MacAdam v. Scudder, 30 S. W. Rep. 168; Wilkenson Coal & Coke Co. v. Driver, 37 Pac. 307; Kerr v. Hays, 35 N. Y. 336; O'Connor v. Koch, 56 Mo. 253; Grimes v. Cullison, 41 Pac. 355; Bliss Code Pleading (3rd. Ed.) 425; 6 Ency. Pl. & Pr. 274.

GEORGE W. PRICHARD, Solicitor General, for defendant in error.

Measured by the definition of a frivolous pleading stated by counsel for plaintiff in error, the paragraphs referred to by him are absolutely bad.

> Strong v. Sproud, 53 N. Y. App. 497; The Victorian, 24 Oregon 847; Cotrill v. Cramer, 40 Wis. 555; 20 Ency. Pl. & Pr. p. 18.

The order of the court striking out the entire answer as frivolous was proper.

> Hemme v. Hays, 55 Cal. 338; Goldstein v. Krause, 2 Idaho 271.

A flat denial of a public record, unverified, is a sham pleading and will be stricken out on motion.

Thigpen v. Miss. Cent. R. Co., 32 Miss. 347.

A denial of an allegation contained in the pleading of an adverse party, proof of which is wholly immaterial and unnecessary to establish a cause of action, or a denial of mere legal conclusions which arise from facts alleged, is an effort to raise an immaterial issue and the denial will be treated as frivolous.

McCauley v. Gilmer, 2 Mont, 202; Tyner v. Hays, 37 Ark. 599; Curtis v. Richards, 9 Cal. 34; Mann v. Howe, 9 Iowa 564; Knox Co. Bk. v. Lloyd, 18 Ohio 353; Callonan v. Williams, et al., 71 Iowa 363; and see also Arizona v. Dugan, 8 Kentucky 583; (Bush.); Evans y. Evans, 93 Kentucky 510; State v. Butte City Water Co., 18 Mont. 199.

The record should show that the plaintiff in error demanded a jury trial, and that the court refused the demand, before a case will be reversed for such reason.

McGeagh v. Nordberg, 53 Minn. 235.

A judgment for the plaintiff is properly rendered where the answer admits or leaves undenied the material allegations of the complaint.

Ency. of Pl. & Pr. Vol. 11, p. 1031.

STATEMENT OF FACTS.

In the year 1893, The Taos County Bank made application to become a depository of territorial moneys to the amount of ten thousand dollars, under the provisions of the statutes of the Territory, (Chap. 61, Laws of 1893; Sec. 255, Compiled Laws of 1897), and gave its bond in the sum of twenty thousand dollars to the Territory, with Juan Santistevan and Melvin W. Mills, as sureties thereon. Suit was brought to collect on the bond, and the bank, the principal in the bond, and Juan Santistevan one of the sureties, defaulted, while Melvin W. Mills, the other surety, filed an answer to the complaint.

The defendant in error moved to strike out the answer, and the motion was sustained by the court and the whole answer was stricken out; plaintiff in error, Mills, excepted to the action of the court and elected to stand

upon his answer. Final judgment was entered in favor of plaintiff against all of the defendants for the sum of $4,167.33. The attorney for Mills moved to vacate and set aside the final judgment, which motion was overruled and the plaintiff in error, Melvin W. Mills, sued out a writ of error.

## OPINION OF THE COURT.

MILLS, C. J.—This case is brought to this court, for us to determine whether or not the court below committed error in striking out the whole of the answer filed by the defendant Mills.

The complaint contains six paragraphs, and in it the bond sued on is set out in full. By the answer the first paragraph of the complaint is denied in part while the third, fourth, fifth and sixth paragraphs are denied in toto. The answer also seeks to set up new matter as an affirmative defense. Motions to strike out the whole or any part of a pleading are recognized by our code of civil procedure. Sec. 2685, Compiled Laws, 1897, Sub-Sec. 50 and 51. By these sections a frivolous answer and irrelevent or redundant matter in any pleading may be stricken out on motion of the adverse party.

A frivolous answer is one which assuming the truth of its contents is so clearly as palpably bad as to require no argument to convince the court that it presents nothing worthy of adjudication in due course of legal proceedings. 20 Encyl. P. & P. 19.

Where a material issue of fact is raised by the answer the court cannot strike out the entire answer. The issue raised by the answer must first be disposed of.

As the answer denies a part of the first, and third, fourth, fifth and sixth paragraphs of the complaint, it seems to us that issues of fact are raised, and therefore the entire answer cannot be held to be frivolous, sham or irrelevant. Fifield v. Spring Valley Water Works, 62 Pac. 1054.

It is apparent that the main affirmative defense sought to be set up by the answer, is that the defendant surety on the bond is released from liability by reason of the alleged fact that the territorial treasurer did not comply with the requirements of law before de-

positing the territorial money with the Taos County Bank and also that according to the terms of the bond ten thousand dollars was the sum that was to be deposited in the Taos County Bank by the Territory, and that, when more than that sum was deposited the sureties were discharged. These are not frivolous defenses, and while they may not be good (and we disclaim all intention of now passing on their merits) they are defenses, which cannot be disposed of by the summary method of striking them out. They might have been reached by a demurrer, which the court could have passed upon.

Much of the answer appears to us to be bad because it is argumentative and because it pleads conclusions of law, but as issues are raised by it, we are of the opinion that the court committed error in striking out the answer as a whole, as asked for by the plaintiff below, and the case is therefore reversed, and the cause remanded for further proceedings, and it is so ordered.

Frank W. Parker, A. J., Edward A. Mann, A. J., Wm. H. Pope, A. J., Ira A. Abbott, A. J., concur.

McFie, A. J., having tried this case in the court below took no part in this decision.