The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: October 12, 2023

**NO. S-1-SC-38502**

**STATE OF NEW MEXICO,**

Plaintiff-Petitioner,

v.

**ISAAC MARQUEZ,**

Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Alisa Hart, District Judge**

Hector H. Balderas, Attorney General
M. Victoria Wilson, Assistant Attorney General
Santa Fe, NM

for Petitioner

Freedman Boyd Hollander Goldberg Urias & Ward, P.A.
Christopher A. Dodd
Albuquerque, NM

for Respondent

**OPINION**

**BACON, Chief Justice.**

{1}    The admission of evidence of a separate crime, wrong, or other bad act is broadly prohibited as proof of a person's propensity to commit a charged offense. 1 Kenneth S. Broun et al., *McCormick on Evidence* § 190 (Robert P. Mosteller ed., 8th ed. 2020); *see also* Rule 11-404(B)(1) NMRA (2012).[1] Nonetheless, at common law, many jurisdictions—including New Mexico—observed the lewd and lascivious disposition exception to this rule. *See State v. Minns*, 1969-NMCA-035, ¶¶ 12-13, 80 N.M. 269, 454 P.2d 355. This common-law exception allowed the state to demonstrate a defendant's "lewd and lascivious disposition" toward the witness by introducing evidence of other acts of sexual misconduct against the complaining witness where the defendant was charged with a sexual offense. *Id.* ¶ 13. In this opinion, we clarify that the common-law lewd and lascivious disposition exception to Rule 11-404(B)(1)'s prohibition on the admission of other bad acts evidence is abrogated in New Mexico. Evidence offered to show a particular disposition toward an alleged victim is propensity evidence that may not be introduced against a

---

[1]This prior (2012) amendment applies to the district court proceedings in this case, all of which predate the rule's current amendment (in effect as of December 31, 2022). We omit inclusion of the otherwise-prescribed date parenthetical in this opinion's numerous subsequent references to the 2012 amendment of Rule 11-404.

defendant unless it is admissible pursuant to Rule 11-404(B)(2). Rule 11-404(B)(2) authorizes admission of evidence of "*a crime, wrong, or other act*" (prior, uncharged acts) to prove a nonpropensity fact, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 11-404(B)(1)-(2) (emphasis added). We conclude that the district court in this case admitted evidence of prior, uncharged acts against Defendant to demonstrate his lewd and lascivious propensity to commit the charged offenses. We therefore vacate Defendant's conviction and remand to the district court for a new trial. On retrial, evidence of any prior, uncharged acts of misconduct may not be admitted against Defendant unless the district court first determines it is admissible for one of the nonpropensity purposes prescribed by Rule 11-404(B)(2).

## I.   BACKGROUND

{2}   Defendant Isaac Marquez lived with his wife, Judy, in a trailer home in Albuquerque. Judy's granddaughter, J.K.,[2] lived with Defendant and Judy in their home sporadically when J.K. was between the ages of six and eight years old. Years later, J.K. disclosed to her adoptive mother, Brenda, and later to Judy that when she was living with Defendant and Judy, Defendant touched her and would make her touch him inappropriately. Judy reported the conduct to the police, and Defendant

---

[2]J.K. is not related by birth to Defendant.

2

was subsequently indicted by a grand jury on four counts of Criminal Sexual Penetration of a Minor (CSPM) in the first degree, contrary to NMSA 1978, Section 30-9-11(C) (1995, amended 2009).

{3} The CSPM charges arose out of one specific pattern of misconduct Defendant allegedly committed against J.K. J.K. testified that Defendant would often wake up during the night and walk over to the couch where J.K. was sleeping, kneel, insert his hand in J.K.'s underwear, and digitally penetrate her labia, touching her clitoris. J.K. could not recall how many times this occurred, describing it as "just a blur," but testified that it happened "more times than I can count on my hands." At around the same time that these acts allegedly occurred, Defendant also allegedly engaged in other sexual misconduct against J.K., including exposing himself to her and causing her to touch his penis. The State never charged these other acts because the relevant statute of limitations had run.

**A.    District Court Proceedings**

{4} Prior to trial, Defendant filed a motion to preclude the admission of any evidence of prior, uncharged acts pursuant to Rule 11-404. Following a hearing, the district court entered an order noting the State's stipulation to Defendant's motion to exclude such evidence of prior, uncharged acts and stating that the State "agrees [that] if [a Rule 11-]404(B) notice is filed, it will be addressed prior to trial." Four

3

days before trial, the State filed an unrelated notice of intent to introduce evidence of prior, uncharged acts pursuant to Rule 11-404(B). The notice referred solely to acts allegedly committed by Defendant against a child other than J.K. and indicated that the State only intended to introduce the evidence if Defendant claimed at trial that Judy filed a false report concerning the other child with authorities in a different county. The notice failed to mention anything regarding Defendant exposing himself to J.K. or causing her to touch his penis.

{5}     The Court addressed the State's notice with the parties on the third day of trial, following voir dire and prior to opening statements. Following a discussion of the State's notice, the State disclosed for the first time that it intended to introduce evidence of the prior, uncharged acts of exposure and coerced sexual touching allegedly committed by Defendant against J.K. The State argued that the two sets of allegations of sexual misconduct against Defendant, including the charged and uncharged acts, were part of "an ongoing situation of abuse." The district court took the matter under advisement, admonishing the State not to mention the conduct at issue during opening argument. The State complied.

{6}     Following opening arguments and outside the presence of the jury, the district court asked the State to identify the nonpropensity purpose for which the evidence of prior, uncharged acts was being offered. The State argued that "lewd and

4

lascivious conduct with the same victim is admissible under 404(B), if . . . it shows an ongoing pattern of behavior with that victim." Defendant responded that the evidence at issue was "pure and simple propensity evidence."

{7}    The district court admitted the evidence of prior, uncharged acts under the lewd and lascivious exception, explaining as follows:

> It appears from the case law that the evidence that the State is attempting to elicit can be admissible in this circumstance. It involves the same victim. It's during this same time frame. There is relevance with regard to the lewd and lascivious disposition towards the particular victim. It also corroborates the victim's testimony and gives some context to this behavior.

The court also found that Defendant had actual notice of the State's intention to introduce the evidence.

{8}    At trial, in addition to providing testimony about the charged acts of CSPM, J.K. testified that, during daylight hours, Defendant would on occasion expose himself to her through an open robe and direct her hand to stroke his penis. These acts were separate and distinct from the charged conduct in this matter. Judy also testified that she once witnessed Defendant standing in a bedroom doorway, wearing only a robe and underwear and facing toward J.K. Finally, J.K.'s adoptive mother, Brenda, testified that J.K. had described to her incidents in which Defendant would have J.K. retrieve candy that he had placed "by his private" while wearing only a robe.

5

{9} The jury convicted Defendant of one count of CSPM.[3] He timely appealed his conviction to the Court of Appeals on numerous grounds, including that the district court erred by permitting the State to introduce propensity evidence in contravention of Rule 11-404(B).

**B. The Court of Appeals' Opinion**

{10} The Court of Appeals reversed the district court. *State v. Marquez*, 2021-NMCA-046, ¶ 1, 495 P.3d 1150. First, the Court "reaffirm[ed] that the so-called 'lewd and lascivious disposition' exception to the prohibition against propensity evidence is abolished in New Mexico." *Id.* The Court observed that criticism of the rationale for the exception was well established in New Mexico law, even in decisions affirming its continued viability. *Id.* ¶¶ 13-14. The Court reiterated its conclusion from prior caselaw that the continued recognition of the lewd and lascivious exception was "indefensible." *Id.* ¶ 15 (internal quotation marks and citation omitted). It rejected the State's contention that this Court expressed doubt about the rejection of the exception. *Id.* ¶ 18.

---

[3]After the State's case in chief, Defendant moved for a directed verdict on all counts. The State did not object to a directed verdict on counts two, three, and four because J.K. could not distinguish individual acts. Therefore, only one count of CSPM was submitted to the jury. In its closing argument the State informed the jury that Defendant was "charged for the entire course of conduct, not for each individual time he touched her, because [J.K.] couldn't distinguish" among them.

{11}     The Court of Appeals then considered, pursuant to the right for any reason doctrine, whether the evidence of prior, uncharged acts was admissible for a purpose other than to prove Defendant's propensity to commit CSPM. *Id.* ¶¶ 22-30. Because it determined that intent was immaterial in that Defendant had altogether denied penetrating J.K., the Court concluded that the evidence was not admissible to prove intent. *Id.* ¶ 25. The Court also rejected the State's argument that the evidence of prior, uncharged acts was admissible to rebut Defendant's claim that Judy influenced J.K. to fabricate the accusation against Defendant. *Id.* ¶ 28. It concluded that the evidence of prior, uncharged acts is not admissible simply because it may, as would be the tendency of any uncharged evidence, corroborate the victim's testimony. *Id.* ¶¶ 19, 28.

{12}     Finally, the Court of Appeals held that the error in admitting the evidence of prior, uncharged acts was not harmless because credibility was a central issue in the case and because of the emphasis that was placed on the "erroneously admitted evidence." *Id.* ¶ 34. The Court reversed Defendant's conviction and remanded to the district court for a new trial. *Id.* ¶ 36.

{13}     We granted the State's petition for writ of certiorari to address two questions: (1) whether the Court of Appeals erred in holding that the evidence of prior, uncharged acts was inadmissible under the lewd and lascivious disposition exception

7

to provide context to the victim's allegations or to rebut Defendant's claim of fabrication; and (2) whether the Court of Appeals erred in holding that the evidence was inadmissible to prove unlawfulness or intent.[4]

## II. DISCUSSION

### A. Standard of Review

{14} We review a district court's decision to admit evidence of other crimes, wrongs, or bad acts for an abuse of discretion. *See State v. Romero*, 2019-NMSC-007, ¶ 26, 435 P.3d 1231. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). "Additionally, a court abuses its discretion if it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *State v. Sena*, 2020-NMSC-011, ¶ 15, 470 P.3d 227 (internal quotation marks and citation omitted).

---

[4]The State does not challenge the Court of Appeals' determination that the error was not harmless.

8

**B.    The Lewd and Lascivious Exception to Rule 11-404(B)(1) Is Abrogated in New Mexico**

**1.    Common-law creation of the lewd and lascivious exception**

{15}    At common law, New Mexico courts barred the admission of evidence of prior, uncharged acts to prove a defendant acted in conformity with a propensity to commit a criminal offense. *See State v. Nelson*, 1959-NMSC-023, ¶ 35, 65 N.M. 403, 338 P.2d 301; *State v. Velarde*, 1960-NMSC-077, ¶¶ 5-6, 67 N.M. 224, 354 P.2d 522; *State v. Mason*, 1968-NMCA-072, ¶¶ 14, 20, 79 N.M. 663, 448 P.2d 175. "[P]ropensity evidence is excluded precisely because its relevance fosters over-reliance upon it; it injects a prejudicial effect into the proceeding that substantially outweighs the benefits of whatever slight, probative value it may have." *State v. Phillips*, 2000-NMCA-028, ¶ 21, 128 N.M. 777, 999 P.2d 421. Further, it "creates the unnecessary risk that a jury will convict a defendant on the basis of former behavior and not the conduct charged." *Id.* A corollary of this common-law rule was that evidence of prior, uncharged acts offered for a nonpropensity purpose, such as proving the defendant's intent, motive, absence of mistake or accident, common scheme or plan, or identity, did not violate this prohibition. *State v. Bassett*, 1921-NMSC-016, ¶ 7, 26 N.M. 476, 194 P. 867; *see also State v. Lord*, 1938-NMSC-059, ¶ 32, 42 N.M. 638, 84 P.2d 80. In *Bassett*, this Court observed that, although the admissibility of evidence of prior, uncharged acts for nonpropensity purposes was

9

frequently referred to as an "exception" to the rule barring such evidence, it was better characterized as "part of the rule itself" because a defendant should be "convicted, if at all, by evidence which shows that he is guilty of that offense alone." 1921-NMSC-016, ¶ 7.

{16} Simultaneously, a true exception to the bar on propensity evidence did arise under common law in cases alleging sexual offenses. In *State v. Whitener*, this Court held that evidence of prior, uncharged acts of alleged statutory rape against the complaining witness were admissible in the defendant's trial on a charge of statutory rape. 1918-NMSC-111, ¶ 4, 25 N.M. 20, 175 P. 870. The *Whitener* Court noted that the rule prohibiting the admission of evidence of an uncharged crime was "unquestioned" but held that the evidence in the case before it was admissible, "not for the purpose of proving a different offense, but to show the relation and familiarity of the parties, and as corroborative of the prosecutrix's testimony concerning the particular act relied upon for a conviction." *Id*. (internal quotation marks and citation omitted).

{17} Later, in *Minns*, our Court of Appeals held broadly that New Mexico's common-law rule barring evidence of prior, uncharged acts "is inapplicable" in cases alleging sexual misconduct where the uncharged acts constitute "similar sex offenses committed by [the] defendant with the prosecuting witness." 1969-NMCA-035, ¶

10

13. "Such evidence," the Court concluded, "is admissible as showing a lewd and lascivious disposition of [the] defendant toward the prosecuting witness and as corroborating evidence." *Id*. Thus, at common law, evidence of prior, uncharged sexual misconduct was generally admissible against a defendant charged with a sexual offense, subject to relevance and prejudice determinations, as long as the evidence of these acts concerned the same victim as alleged in the charged offense. *See State v. Dodson*, 1960-NMSC-051, ¶ 12, 67 N.M. 146, 353 P.2d 364 (citing *Whitener*, 1918-NMSC-111, ¶ 4); *cf. Velarde*, 1960-NMSC-077, ¶¶ 3-6 (holding that evidence of sexual assault against a separate victim was inadmissible under the rule barring evidence of prior, uncharged acts); *Mason*, 1968-NMCA-072, ¶¶ 20-25, (same).

{18}    There can be little doubt that, unlike the "so-called exceptions" for admitting other acts evidence for nonpropensity purposes, *Bassett*, 1921-NMSC-016, ¶ 7, the lewd and lascivious disposition exception has operated as a bona fide exception to the rule barring propensity evidence. This exception authorizes admissibility of such evidence on the grounds that "[e]vidence of [a] defendant's past sexual misconduct, similar in nature to the crime of which [the] defendant was indicted, is illustrative of a lewd and lascivious disposition of [the] defendant toward the victim." *State v. Scott*, 1991-NMCA-081, ¶ 8, 113 N.M. 525, 828 P.2d 958; *see generally* Basyle J.

Tchividjian, *Predators & Propensity: The Proper Approach for Determining the Admissibility of Prior Bad Acts Evidence in Child Sexual Abuse Prosecutions*, 39 Am. J. Crim. L. 327, 337-38 (2012) (stating that, in jurisdictions adopting a lustful disposition exception, "[t]he jury is free to infer from the evidence of the collateral crime evidence that the defendant committed the charged sexual offense"). Were this principle not conceived as an exception to the rule against propensity evidence, it would surely violate the rule. "The purpose of [the rule excluding evidence of prior, uncharged acts] is to exclude the admission of character traits to prove that a defendant acted in accordance with those traits." *State v. Williams*, 1994-NMSC-050, ¶ 18, 117 N.M. 551, 874 P.2d 12, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 & n.6, 275 P.3d 110. Indeed, the word *disposition* is synonymous with "character." *See id.*; *disposition*, *Black's Law Dictionary* (11th ed. 2019).

{19}   In 1973, New Mexico adopted the Rules of Evidence, NMSA 1953, §§ 20-4-101 to -1102 (1975) (Vol. 4, Repl., 1975 Pocket Supp.), incorporating the prohibition on propensity evidence, § 20-4-404(a) (1975), and its corollary provision, § 20-4-404(b) (1975), that bad acts evidence offered for a nonpropensity purpose is generally admissible. The 2012 amendment of Rule 11-404(B), applicable in this case, provides:

(1)     Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2)     Permitted Uses; notice in a criminal case. This evidence may be admissible for another purpose, *such as* proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, the prosecution must

(a)     provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial, and

(b)     do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

*Id.* (emphasis added).[5] However, the Rules of Evidence contained no mention of the lewd and lascivious disposition exception.[6] As a result, whether the exception survived adoption of the Rules of Evidence was left to the consideration of our appellate courts.

---

[5]Reinforcing the 2012 amendment is its immediate successor, the 2022 (current) amendment of Rule 11-404(B), which additionally requires the prosecution intending to offer permitted-use evidence to "articulate . . . the reasoning that supports" the permitted use.

[6]By contrast, the Federal Rules of Evidence, upon which our Rules of Evidence were modeled, were amended in 1994 to expressly provide for the admissibility of evidence of other similar offenses in a sexual offense prosecution. *See* Fed. R. Evid. 413; *State ex rel. Torrez v. Whitaker*, 2018-NMSC-005, ¶ 92, 410 P.3d 201 (noting that the New Mexico Rules of Evidence promulgated in 1973 were "based almost wholly on the then-proposed Federal Rules of Evidence").

{20} In a series of opinions, New Mexico appellate courts repeatedly affirmed the continued viability of the lewd and lascivious disposition exception, relying upon the authority of *Minns*. *See State v. Mankiller*, 1986-NMCA-053, ¶ 33, 104 N.M. 461, 722 P.2d 1183; *Scott*, 1991-NMCA-081, ¶ 8; *State v. Delgado*, 1991-NMCA-064, ¶ 23, 112 N.M. 335, 815 P.2d 631. In line with the limitation observed in the common-law exception, the Court in *State v. Lucero* declined to apply the lewd and lascivious disposition exception to cases involving victims other than the complaining witness. *See* 1992-NMCA-107, ¶ 13, 114 N.M. 489, 840 P.2d 1255.

**2.      Movement away from the lewd and lascivious exception**

{21} Over time, however, many courts and legal scholars began to call into question the empirical bases purporting to justify the lewd and lascivious disposition exception. Edward J. Imwinkelried, *Uncharged Misconduct Evidence*, § 4:16 (1984).[7] Additionally, our appellate courts began to express a growing skepticism

---

[7]The rationale for making an exception to the propensity evidence rule in the case of sexual misconduct rested on two assumptions: (1) that sexual offenses are especially difficult to detect and (2) that sexual offenders are especially likely to reoffend. *See* Imwinkelried, *supra* § 4:16. Out of concern about detection, courts authorized the evidence to provide corroboration for the testimony of the complaining witness and to provide "context" for the alleged offense. *See Whitener*, 1918-NMSC-111, ¶ 4 (corroboration); *State v. Landers*, 1992-NMCA-131, ¶ 23, 115 N.M. 514, 853 P.2d 1270 (endorsing the view that, where a sexual offense is alleged against a member of a defendant's household, evidence of prior, uncharged sexual offenses against the victim may be necessary to explain "a seemingly isolated incident" that would otherwise seem "incredible" (internal quotation marks and

14

about its continued viability. *Lucero*, 1992-NMCA-107, ¶ 15; *Williams*, 1994-NMSC-050, ¶ 36 (Montgomery, J., concurring) (agreeing with the *Lucero* Court's characterization of "evidence of a lewd and lascivious disposition as nothing more than a euphemism for character evidence" (internal quotation marks and citation omitted)).

{22}  In *Lucero,* the Court of Appeals considered the continued viability of the exception in light of this emergent trend. 1992-NMCA-107, ¶¶ 11-15. The defendant in *Lucero* challenged the district court's admission of evidence that his girlfriend had refused to engage in oral and anal sex with him in a case alleging that he had committed sexual offenses against a minor child. *Id.* ¶¶ 1, 6-7. The Court recognized that "[s]ince the adoption of the Rules of Evidence in 1973, New Mexico courts have continued to recognize that proof of sexual conduct involving the same victim may

---

citation omitted)). *But see*, *State v. Kerby* (*Kerby I*), 2005-NMCA-106, ¶ 29, 138 N.M. 232, 118 P.3d 740 (disavowing the "distinction between evidence of a lewd and lascivious disposition toward the prosecuting witness . . . and . . . toward other victims"). The belief that recidivism among sexual offenders is especially high acted as a counterweight to the common-law principle that character evidence should be excluded because it is not particularly probative of whether a defendant committed the charged offense. *Lucero*, 1992-NMCA-107, ¶¶ 9, 11, 15. Both assumptions have been questioned by courts and legal scholars. Imwinkelried, *supra*, § 4:16 (noting that critics of the exception have observed that "many crimes are usually committed in a clandestine fashion" and that "most recent research largely discredits the old medical literature sanctioning the lay belief" that the rate of recidivism among sex offenders is especially high).

be admitted." *Id.* ¶ 13. Citing scholarship criticizing courts' reliance upon "debatable assumptions about recidivism and problematic psychiatric theories," *id.* ¶ 11 (internal quotation marks and citation omitted), the Court then expressed skepticism about the exception's viability in light of New Mexico's enactment of Rule 11-404(B):

> Legal scholars have criticized this trend [of admitting such evidence] and have, we believe correctly, pointed out that the "lewd disposition" exception is nothing more than a euphemism for the character evidence which Federal Rule of Evidence 404(b) and its state counterparts are designed to exclude.

*Lucero*, 1992-NMCA-107, ¶ 11 (citation omitted). However, the *Lucero* Court was ultimately not tasked with determining whether the exception survived adoption of the Rules of Evidence because the evidence at issue concerned the behavior of the defendant toward someone other than the alleged victim. *Id.* ¶¶ 12-13.

{23} In *State v. Landers*, the Court of Appeals directly addressed whether the lewd and lascivious disposition exception conflicted with Rule 11-404(B)'s bar on propensity evidence. 1992-NMCA-131, ¶¶ 22-25, 115 N.M. 514, 853 P.2d 1270. Although the Court recognized that the exception was not codified in New Mexico's Rules of Evidence, it determined that its purpose was not "inconsistent with the intent of the express exceptions contained in Rule 11-404(B)." *Id.* ¶¶ 22, 24. The Court reaffirmed that, while the exception might "be understood to describe

16

'propensity,'" it was nonetheless justified under the rule because evidence of prior, uncharged sexual offenses "can directly bolster the complaining witness's testimony by providing significant corroboration" and "plac[ing] the charged acts in context." *Id.* ¶¶ 23-25.

{24} The holding in *Landers* was applied in *State v. Casaus*, 1996-NMCA-031, ¶¶ 26-27, 121 N.M. 481, 913 P.2d 669, the primary authority relied upon by the State in arguing before the district court for the admission of the evidence of prior, uncharged sexual misconduct at issue here. The *Casaus* Court echoed the *Landers* Court's conclusion that because "[t]he prior bad acts [evidence] . . . indicated Defendant's lewd and lascivious disposition toward the victim and placed the criminal charge in context," it was admissible. *Casaus*, 1996-NMCA-031, ¶ 27.

**3.      Rejection of the lewd and lascivious exception**

{25} Nine years later, the Court of Appeals rejected this line of authority and disavowed the lewd and lascivious disposition exception. *See State v. Kerby* (*Kerby I*), 2005-NMCA-106, ¶ 29, 138 N.M. 232, 118 P.3d 740. The defendant in *Kerby I* was charged with criminal sexual contact of a minor, based on allegations that he had touched the buttocks and vulva of the six-year old child of his then-wife. *Id.* ¶¶ 4, 6. Testifying for the defense, the defendant's mother stated that when she asked the defendant about the accusations by the alleged victim, the defendant denied

improperly touching her, stating that "all he had done was pat [the v]ictim goodnight." *Id.* ¶ 9. On rebuttal, the State elicited testimony about a peephole in a small compartment in the master bedroom, through which it was possible to observe the victim as she bathed. *Id.* ¶¶ 10-15. The defendant's then-wife testified that she had seen the defendant in the compartment while her fourteen-year-old sister was in the bathroom. *Id.* ¶¶ 12-15.

{26} On appeal of his conviction, the defendant argued that the peephole evidence was improperly admitted. *Id.* ¶ 20. The Court of Appeals agreed, concluding that "the peephole was relevant to the issue of sexual gratification precisely because it allowed the jury to infer that sexual attraction to young female children was a trait of [the d]efendant's character." *Id.* ¶ 28. While it recognized that the *Landers* Court had previously affirmed the admissibility of evidence of prior sexual offenses against the complaining witness, the Court concluded that it had embraced an "'indefensible' distinction" drawn by previous courts between evidence demonstrating a lewd and lascivious disposition toward the complainant and evidence of such a disposition toward other victims. *Id.* ¶ 29 (citation omitted). It determined that this common-law exception, grounded in questionable assumptions, *id.* ¶ 27, was irreconcilable with the clear language of Rule 11-404(B):

> Nothing in the express language of Rule 11-404 mandates the perpetuation of a common-law exception to the general proscription of

18

propensity evidence; to the contrary, the lewd and lascivious disposition exception appears to flatly contradict the general proscription of propensity evidence found in Rule 11-404(A) and repeated in the first sentence of Rule 11-404(B).

*Kerby I*, 2005-NMCA-106, ¶ 28. The Court then "disavow[ed] *Landers*," holding that the lewd and lascivious disposition exception, even if restricted to other acts committed against the complaining witness, "is nothing more than a euphemism for the propensity evidence that Rule 11-404 was designed to exclude." *Id.* ¶ 29.

{27}    We agree. Whether applied to conduct perpetrated against the complaining witness or someone else, the lewd and lascivious exception authorizes the admissibility of evidence for the express purpose of demonstrating a defendant's propensity to commit the charged offense. And this is plainly prohibited under a modern understanding of Rule 11-404(B)(1). Nor does the emphasis placed by prior courts on "corroboration" or "context" alter this analysis. *See Whitener*, 1918-NMSC-111, ¶¶ 4, 8 ("corroboration"); *Landers*, 1992-NMCA-131, ¶¶ 23, 25 ("corroboration" and "context"). While evidence of other bad acts, committed against the complaining witness or against others, may only corroborate the testimony of a complaining witness or overcome a presumption that an allegation of sexual abuse is inexplicable, such evidence invites precisely the inferential leap that Rule 11-404(B)(1) proscribes. *See Marquez*, 2021-NMCA-046, ¶ 19.

{28} The State contends that, in *State v. Kerby*, (*Kerby II*), 2007-NMSC-014, 141 N.M. 413, 156 P.3d 704, this Court overruled the Court of Appeals' rejection of the lewd and lascivious disposition exception. We disagree. We vacated the defendant's convictions based on the statute of limitations in *Kerby II*, 2007-NMSC-014, ¶ 3. Although our holding was dispositive, we wrote that we additionally were "compelled to address briefly the admissibility of the peephole evidence under Rule 11-404(B)." *Id.* ¶ 25. Considering the peephole evidence in light of testimony provided at trial by the defendant's mother that the defendant claimed that any contact with the victim was akin to "a fatherly pat on the bottom," we determined that the peephole evidence would be probative of the defendant's sexual intent. *Id.* ¶ 26; *see also* Rule 11-404(B)(2) (allowing that evidence of prior, uncharged acts "may be admissible for another purpose, such as proving . . . intent"). "Thus," we concluded that "evidence of the peephole is precisely the type of *non-propensity evidence* that Rule 11-404(B) allows." *Kerby II*, 2007-NMSC-014, ¶ 26 (emphasis added).

{29} Our conclusion in *Kerby II* on the challenged peephole evidence was limited to the Court of Appeals' determination in *Kerby I* that the peephole evidence was not otherwise admissible under Rule 11-404(B) to prove unlawful intent. *Kerby II*, 2007-NMSC-014, ¶ 26. Our analysis proceeded solely under the statutory provision

20

establishing permissible uses for evidence of prior, uncharged acts, Rule 11-404(B)(2); we left undisturbed the Court of Appeals' rejection of the lewd and lascivious disposition exception to Rule 11-404(B)(1). *Id.* ¶¶ 25-26.

{30} We now address the exception directly and hold that the lewd and lascivious disposition exception to the prohibition on evidence of prior, uncharged acts is abrogated in New Mexico. We therefore affirm the Court of Appeals' determination that the trial court erred in admitting the uncharged misconduct evidence in this case under that exception. *Marquez*, 2021-NMCA-046, ¶¶ 1, 21.

**C.      Whether the Evidence of Uncharged Conduct Is Admissible for a Nonpropensity Purpose Is a Question for the District Court on Remand**

{31} The State next asks us to conclude that the evidence at issue was otherwise admissible under Rule 11-404(B)(2) to prove a nonpropensity purpose. Because the district court admitted the evidence at issue under the lewd and lascivious disposition exception and did not otherwise address admissibility under Rule 11-404(B)(2), the State essentially asks us to affirm the district court pursuant to the right for any reason doctrine. *See State v. Ruiz*, 2007-NMCA-014, ¶ 38, 141 N.M. 53, 150 P.3d 1003 ("acknowledg[ing] that the district court appear[ed] to have admitted the statements on a different legal theory" than the Court of Appeals held to be admissible but noting the general rule that the Court "will uphold the decision of a district court if it is right for any reason"). Defendant argues that it would be unfair

21

to apply the doctrine in this case because, after the evidence was admitted under the exception, "the jury was told to rely on this evidence for improper purposes in closing arguments."

{32} An appellate court may affirm a district court's decision if it is right for any reason. *State v. Wilson*, 1998-NMCA-084, ¶ 17, 125 N.M. 390, 962 P.2d 636. However, we will affirm the district court as right for any reason only "so long as the circumstances do not make it unfair to the appellant to affirm." *State v. Serna*, 2018-NMCA-074, ¶ 29, 429 P.3d 1283 (internal quotation marks and citation omitted). "[I]t would be unfair to an appellant to affirm on a fact-dependent ground not raised below" because it is improper for an appellate court to engage in fact-finding and "because the appellant [would have] lacked an opportunity to present admissible evidence relating to the fact." *State v. Franks*, 1994-NMCA-097, ¶ 8, 119 N.M. 174, 889 P.2d 209. Accordingly, "[a]ppellate courts usually apply the right for any reason basis of affirmance to strictly legal questions." *Wilson*, 1998-NMCA-084, ¶ 17. Moreover, it is improper for an appellate court to apply the doctrine to unpreserved arguments where the party opposing its application "had no opportunity in the district court to respond to the unasserted argument." *Freeman v. Fairchild*, 2015-NMCA-001, ¶ 29, 340 P.3d 610, *rev'd on other grounds*, 2018-NMSC-023, ¶¶ 29, 36, 416 P.3d 264.

{33} In this case, the State filed a Rule 11-404(B) notice of its intention to introduce evidence of prior, uncharged acts by Defendant, but the State's notice was unrelated to the evidence at issue in this case and instead solely concerned allegations against a child other than J.K. As we have explained, evidence concerning a different victim could not have been admitted pursuant to the lewd and lascivious disposition exception under any interpretation of New Mexico law. As a result, the State failed to apprise either the district court or Defendant that the State might seek to invoke the exception at trial. Although the district court found that Defendant had actual notice of the allegations of uncharged misconduct against J.K. through pretrial interviews, "[d]isclosing the information in discovery rather than in response to the specific rule misses the point of the rule, which is to inform the defendant of crimes the state intends to introduce and to allow the defendant time to respond by motion in limine or otherwise." *State v. Acosta*, 2016-NMCA-003, ¶ 19, 363 P.3d 1240 (text only) (citation omitted).[8]

{34} Moreover, even if Defendant was on actual notice that there were other allegations of his prior, uncharged acts directed against J.K., the State's failure to

---

[8]The "text only" parenthetical used herein indicates the omission of any of the following—internal quotation marks, ellipses, and brackets—that are present in the text of the quoted source, leaving the quoted text itself otherwise unchanged.

provide notice pursuant to Rule 11-404(B)(2) would have suggested to Defendant that the State would not seek to introduce that evidence at trial. *See State v. Gomez*, 2003-NMSC-012, ¶ 7, 133 N.M. 763, 70 P.3d 753 (declining to apply the right for any reason doctrine where failure of appellant to raise the issue at trial was the result of its introduction on a dispositive motion). The lack of pretrial notice also meant that the State failed to offer any authority for its position that the evidence was admissible until the second day of trial, essentially ambushing Defendant and the district court. "Courts have long recognized the dangers of unfair surprise associated with prior bad acts evidence" because the provision of notice under Rule 11-404(B) "facilitates intelligent objection and argument, provides greater opportunity for thoughtful rulings that address all legitimate considerations and concerns, and tailors the evidence presented to the specific circumstances." *Acosta*, 2016-NMCA-003, ¶ 21.

{35} In addition to the State's failure to provide notice, the posture of the issue as it was developed in the district court counsels against application of the right for any reason doctrine in this case. At trial, when the State first indicated that it intended to introduce evidence of Defendant's prior, uncharged acts directed against J.K., the State described the uncharged acts as "all part of the same course of conduct, the same series of bad acts, and the same time frame with the same victim." The State's

argument before the district court was that "lewd and lascivious conduct with the same victim is admissible under 404(B), if . . . it shows an ongoing pattern of behavior with that victim." The State also contended (apparently arguing in the alternative) that the evidence did not constitute "other acts" evidence under Rule 11-404(B) and was instead generally admissible as "relevant evidence" under Rule 11-401 NMRA and Rule 11-402 NMRA. At no time in its argument before the district court did the State allege that the uncharged acts were being introduced to prove a nonpropensity purpose, such as intent or absence of mistake. *See* Rule 11-404(B)(2). Consequently, neither the State nor Defendant had occasion to develop a factual or legal argument concerning Defendant's intent, and the district court was not tasked with adjudicating the facts or law bearing on this issue. Where, as here, critical facts that bear on admissibility (such as whether Defendant had ever touched the victim's vulva) are contested on appeal despite the district court having had no occasion to adjudicate those facts, and where an evidentiary ruling on such facts may have shaped arguments and evidence at trial, it is improper for an appellate court to affirm the district court on unpreserved grounds. *See State v. Sanchez*, 2001-NMCA-060, ¶ 12, 130 N.M. 602, 28 P.3d 1143 (declining to apply the right for any reason doctrine where the trial court's ruling required a determination on a disputed factual issue); *see also Franks*, 1994-NMCA-097, ¶ 8 (declining to affirm a suppression order on

fact-dependent grounds); *Freeman*, 2015-NMCA-001, ¶ 29 (declining to affirm under the right for any reason doctrine where the facts extend beyond those raised in the district court).

{36} We conclude that it would be unfair to Defendant to apply the right for any reason doctrine in this case. We remand to the district court for a determination of whether the evidence of uncharged misconduct by Defendant is admissible at trial pursuant to the current Rule 11-404(B)[9] and subject to the relevancy and prejudice considerations of Rule 11-403 NMRA.

## III. CONCLUSION

{37} We hold that the lewd and lascivious disposition exception to Rule 11-404(B)(1) has been abrogated in New Mexico. Because the district court relied upon this exception in admitting evidence of other bad acts against Defendant and the error was not harmless, we vacate Defendant's convictions and remand the matter to the district court. Should the State elect to retry Defendant on these charges, the evidence at issue may not be admitted against him unless the district court first

---

[9]While Article IV, Section 34 of the New Mexico Constitution provides that "[n]o act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case," we have clarified that "Article IV, Section 34 of the New Mexico State Constitution does not apply to rule changes implemented by this Court." *State v. Martinez*, ¶ 11, 2011-NMSC-010, 149 N.M. 370, 249 P.3d 82.

26

determines that it is admissible under the 2022 amendment of Rule 11-404(B) for a nonpropensity purpose and otherwise meets the requirements of Rule 11-403.

{38}     **IT IS SO ORDERED.**

_____
                                    **C. SHANNON BACON, Chief Justice**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Justice**

_____
**DAVID K. THOMSON, Justice**

_____
**EMILIO J. CHAVEZ, Judge**