This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40667

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAVID CLARENCE SARVER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Court Judge**

Raúl Torrez, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant David Sarver appeals his convictions for two counts of criminal sexual penetration (CSP) in the first degree, in violation of NMSA 1978, Section 30-9-11(D)(1) (2009); and one count of kidnapping in the first degree, in violation of NMSA 1978, Section 30-4-1(A)(4) (2003). He further appeals the district court's decision to enhance his sentences for CSP under NMSA 1978, Section 31-18-15.1 (2009). On appeal, Defendant argues that the district court (1) improperly enhanced his sentences for CSP and failed to state its reason for doing so on the record; (2) erred in denying his request

for an in camera review of A.E.'s (Victim) psychological records; and (3) abused its discretion when it allowed the State to elicit testimony from the State's expert and Victim about certain uncharged sexual acts committed by Defendant. Because the district court erred by admitting evidence of uncharged acts, we reverse and remand.

**{2}**     Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of specific facts for our analysis of the issues.

## DISCUSSION

**{3}**     Defendant argues that the district court abused its discretion by allowing the State to elicit testimony, from both its expert and Victim, of grooming and uncharged sexual misconduct perpetrated by Defendant against Victim in violation of Rule 11-404(B)(1) NMRA. Defendant further contends that even if the evidence was admissible for a nonpropensity purpose, it should have nevertheless been excluded under Rule 11-403 NMRA because its probative value was substantially outweighed by unfair prejudice. Because we conclude that the district court erred in admitting the testimony of uncharged sexual misconduct committed by Defendant and that such error was not harmless, we reverse Defendant's conviction and remand for a new trial.

### I.     Standard of Review

**{4}**     "We review a district court's decision to admit evidence of other crimes, wrongs, or bad acts for an abuse of discretion." *State v. Marquez*, 2023-NMSC-029, ¶ 14, 539 P.3d 303. A district court abuses its discretion when "the ruling is clearly against the logic and effect of the facts and circumstances of the case," *State v. Bailey*, 2017-NMSC-001, ¶ 12, 386 P.3d 1007, or "when its discretionary decision is premised on a misapprehension of the law." *State v. Marquez*, 2021-NMCA-046, ¶ 8, 495 P.3d 1150 (internal quotation marks and citation omitted), *aff'd*, 2023-NMSC-029, 539 P.3d 303.

### II.     The District Court Erred in Admitting Evidence of Defendant's Uncharged Sexual Misconduct

**{5}**     Before trial, Defendant filed a motion in limine seeking to exclude the admission of any evidence of uncharged bad acts he allegedly committed under Rule 11-404(B)(1). The State refused to stipulate to Defendant's request stating, "This case is charged as a course of conduct specifically so [V]ictim can testify to whatever incident he remembers most clearly on the stand." In response, Defendant filed a request for notice of Rule 11-404(B)(1) evidence that the State intended to admit at trial, but no such notice was given.

**{6}**     At trial, before testimony from both the State's expert and Victim, Defendant renewed his objection to any testimony about specific uncharged sexual misconduct

Defendant committed against Victim leading up to the charged crimes. The State responded to Defendant's objections asserting that all of Defendant's sexual misconduct it sought to elicit was part of the same course of conduct as the charged crimes and thus not subject to exclusion under Rule 11-404(B). The district court agreed with the State that the testimony was not subject to Rule 11-404(B) and stated that it would allow the evidence in through both the State's expert and Victim. Thus, both the State's expert and Victim were permitted to testify to the escalating uncharged sexual contact Defendant perpetrated against Victim, as well as Defendant's uncharged potentially criminal acts in discussing sexual intercourse with Victim and showing Victim pornography.

**{7}** On appeal, Defendant maintains that it was error for the district court to allow the State's expert and Victim to testify to these acts because such evidence was not relevant to a material element of the crimes charged that was put in issue by Defendant and therefore was inadmissible propensity evidence under Rule 11-404(B)(1).[1] On appeal, the State abandons the argument it asserted at trial, conceding that the evidence is prior bad acts evidence, which must be evaluated under Rule 11-404(B). Instead, the State argues on appeal that the uncharged sexual misconduct was admissible under Rule 11-404(B)(2) to prove identity—that Defendant was the actual perpetrator.[2] We hold that it was error for the district court to admit the uncharged sexual misconduct because it was impermissible character evidence under Rule 11-404(B) and also not admissible under Rule 11-404(B)(2) to prove identity. *See State v. Kerby*, 2005-NMCA-106, ¶ 25, 138 N.M. 232, 118 P.3d 740 (stating that "[u]nder Rule 11-404(B), the proponent of evidence of other acts must identify the particular consequential fact upon which the proffered evidence bears and must explain how the proffered evidence makes the consequential fact more probable or less probable in a way that does not depend upon an inference of a propensity for criminal behavior" (emphasis, internal quotation marks, and citations omitted)).

**{8}** Rule 11-404(B)(1) prohibits the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with [that] character." Nevertheless, the district court may admit such evidence for a nonpropensity purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 11-404(B)(2). This list of allowable purposes is not exhaustive and thus other act

---

1Defendant also argues on appeal that the district court erred in admitting the State's expert's testimony on grooming because it also violated Rule 11-404(B)(1). However, Defendant fails to explain in his brief in chief, which segments of the grooming testimony he disputes and why those parts specifically are inadmissible. We will not review "unclear or undeveloped arguments that require us to guess at what a parties arguments might be." *State v. Pitner*, 2016-NMCA-102, ¶ 13, 385 P.3d 665 (alterations, internal quotation marks, and citation omitted). Regardless, because we reverse based on the admission of the uncharged sexual misconduct, we need only address that argument.

2The State argues in its answer brief that Defendant waived his challenge to the district court's admission of the uncharged sexual misconduct through Victim's testimony because although he did object before Victim's testimony he failed to renew the objection during Victim's testimony. The State misstates the facts: although Defendant did object before trial and again before Victim's testimony, Defendant also renewed his objection during Victim's testimony and was granted a standing objection by the district court. Therefore, Defendant's objection was preserved and was not waived.

evidence "may be admissible on alternative relevant bases so long as it is not admitted to prove conformity with character." *State v. Otto*, 2007-NMSC-012, ¶ 10, 141 N.M. 443, 157 P.3d 8 (internal quotation marks and citation omitted). However, it is the proponent seeking to admit the other act evidence who must "identify and articulate the consequential fact to which the evidence is directed and to state with precision the rationale for admitting the evidence to prove something other than propensity." *Marquez*, 2021-NMCA-046, ¶ 7 (internal quotation marks and citation omitted). Moreover, the fact to which the other act evidence is directed must be in dispute for that evidence to be admissible, because "[i]f a fact is wholly undisputed, the only additional probative value extrinsic-act evidence would have on that issue would be to show a person's propensity. Evidence solely having value as propensity evidence is inadmissible under Rule 11-404(B) and is to be excluded under that rule automatically." *Marquez*, 2021-NMCA-046, ¶ 24 (internal quotation marks and citation omitted).

**{9}** "The identity exception to Rule 11-404(B)(1) may be invoked when identity is at issue and when the similarity of the other crime demonstrates a unique or distinct pattern easily attributable to one person." *State v. Martinez*, 2021-NMSC-002, ¶ 99, 478 P.3d 880 (internal quotation marks and citation omitted). "In determining whether a unique or distinct pattern has been demonstrated, our focus is on the similarities between the two offenses, because those similarities establish an inference of identity which is necessary for relevance." *Id.* (internal quotation marks and citation omitted). In other words, other act evidence is relevant and thus admissible under the identity exception to Rule 11-404(B)(1) when the similarities between two distinct offenses show the unique or idiosyncratic pattern by which the defendant commits the crime for which they are charged and thus identifies themselves as the perpetrator. *See Martinez*, 2021-NMSC-002, ¶ 100 (listing cases in which the identity exception was held to be a valid means of admitting character evidence).

**{10}** The State argues that Defendant put identity at issue by calling an expert to testify that, through a process called source misattribution error, Victim could have incorrectly attributed the abuse he suffered to Defendant. The State further asserts that Defendant put identity at issue by calling Victim's other neighbor as a witness in order to suggest that he was the actual perpetrator of the abuse Victim suffered. Even assuming that such testimony was sufficient to put the identity of the perpetrator of abuse at issue, the uncharged sexual misconduct the State elicited from its expert and from Victim failed to demonstrate a unique pattern such that the evidence was admissible to prove identity.

**{11}** Here, the district court admitted testimony of escalating acts of uncharged sexual misconduct Defendant perpetrated against Victim leading up to the charged offenses. In other words, the testimony elicited did not establish evidence of a separate and unique example of the crime for which Defendant was charged with in this case to compare to the acts Defendant perpetrated against Victim. *See id.* ¶ 99 (explaining that there must be sufficient similarities between two separate incidences of the offense for which the defendant is charged to establish an inference of identity). If the evidence admitted at trial had been testimony of prior instances of the sexual misconduct for which Defendant

was charged and shared substantially similar and unique features to the crime Defendant committed against Victim in this case, the identity exception might have been a valid means for admitting the evidence. *See State v. Peters*, 1997-NMCA-084, ¶ 19, 123 N.M. 667, 944 P.2d 896 (describing how the distinctive similarities of two assaults perpetrated by the defendant against two separate victims established the defendant's modus operandi and thus allowed his identification); *see also State v. Allen*, 1978-NMCA-054, ¶ 3, 91 N.M. 759, 581 P.2d 22 (discussing how the distinctive similarities of two rapes perpetrated by the defendant established a modus operandi helpful to prove the defendant's identity). However, the testimony of the uncharged sexual misconduct admitted in this case functioned more to improperly bolster Victim's description of events rather than to establish the identity of Defendant. *See Marquez*, 2021-NMCA-046, ¶ 28 ("Rule 11-404(B) evidence involving the same victim is [not] admissible simply because it may corroborate the victim's testimony."). Because the uncharged sexual misconduct admitted here did not help establish Defendant's distinctive pattern of behavior when committing the charged crimes, we conclude that the identity exception to Rule 11-404(B) is not applicable and the admission of the uncharged sexual misconduct was error.[3]

### III. The Error Was Not Harmless

**{12}** Because we have determined that the district court erred by admitting testimony of Defendant's uncharged sexual misconduct, we must determine if the error was harmless. *See State v. Tollardo*, 2012-NMSC-008, ¶ 25, 275 P.3d 110 ("Improperly admitted evidence is not grounds for a new trial unless the error is determined to be harmful."). Erroneous evidentiary rulings are "harmless when there is no reasonable probability the error affected the verdict." *Id.* ¶ 36 (emphasis, internal quotation marks, and citation omitted). To determine whether the evidentiary error had a probable effect on the jury's verdict, we "must evaluate all circumstances surrounding the error." *State v. Leyba*, 2012-NMSC-037, ¶ 24, 289 P.3d 1215. In doing so, we examine "the source of the error, the emphasis placed on [it], evidence of the defendant's guilt apart from the error, the importance of the erroneously admitted [or excluded] evidence to the prosecution's case, and whether the erroneously admitted evidence was merely cumulative." *State v. Serna*, 2013-NMSC-033, ¶ 23, 305 P.3d 936. Such review necessarily requires a case-by-case analysis and thus the impact of an error in two factually analogous cases might in one case be harmful and be harmless in the other. *Tollardo*, 2012-NMSC-008, ¶ 44.

**{13}** In this case, the only direct evidence of the charged conduct came from Victim's testimony. During the course of this testimony, the State elicited from Victim that the charged crimes were a culmination of the escalation of abuse by Defendant—this included Defendant talking to Victim about sex, showing Victim pornography, touching

---

[3]Despite the ruling in this case, we take the time to acknowledge the unique challenges of prosecuting sex crimes, especially those against children. Nevertheless, this Court is not necessarily the most suitable venue for hashing out the potential policy arguments for loosening the restrictions on admitting uncharged sexual misconduct evidence in child sex crimes cases. We believe "it more proper for this inquiry to be undertaken in the rule-making process." Marquez, 2021-NMCA-046, ¶ 20.

Victim's genitals, and forcing Victim to touch Defendant's genitals. This erroneously admitted evidence introduced a series of corroborating facts into the trial that were not merely cumulative, but served to bolster Victim's memory of events. *See Marquez*, 2021-NMCA-046, ¶ 19 (stating that admitting other act evidence simply to corroborate a victim's testimony is nothing more than proving that the defendant committed the charged act because he had a propensity to do so and is thus forbidden by Rule 11-404(B)(1)).

{14}    Given that the outcome of this case was determined by the jury's decision to believe the veracity and accuracy of Victim's testimony over Defendant's, we conclude that there is a reasonable probability the error affected the jury's verdict in this case. *See Marquez*, 2021-NMCA-046, ¶ 32 ("[W]here, as here, the improperly admitted evidence goes to the primary issue of credibility in a sexual abuse case, it is more likely to be prejudicial." (alteration, internal quotation marks, and citation omitted)); *State v. Garcia*, 2019-NMCA-056, ¶ 16, 450 P.3d 418 ("Given the importance of credibility in the trial, we have grave doubts concerning the fairness of the trial and conclude that the [improper] admission of [the] testimony amounted to plain error that was not harmless."); *see also State v. Lucero*, 1993-NMSC-064, ¶ 22, 116 N.M. 450, 863 P.2d 1071 (concluding that the admission of improper testimony was harmful error "[b]ecause credibility was a pivotal issue in [the] case, it is likely that the jury was swayed by [the] improper testimony"). Therefore, we hold that the erroneous admission of Defendant's uncharged sexual misconduct was harmful.

**CONCLUSION**

{15}    We reverse Defendant's conviction and remand for a new trial. Because we do so due to the erroneous and harmful admission of uncharged sexual misconduct, we need not address Defendant's other arguments on appeal.

{16}    **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**